The People of the State of Illinois, ex rel. Beverly Cantazaro, Plaintiff-Appellee, v. Leonard Centrone, Defendant-Appellant.

Gen. No. 49,233.

First District, First Division.

May 4, 1964.

Charles C. Porcelli and James J. Jorgensen, of Chicago, for appellant.

Daniel P. Ward, State's Attorney, of Chicago (Edward J. Hladis, Chief of Civil Division, and Joseph V. Roddy, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

Defendant appeals from a decision of the court, sitting without a jury finding that he is the father of plaintiff's child, under the Paternity Act.

Defendant contends he was denied his right to a trial by jury; that the court erred in admitting and

considering a polygraph report and that the evidence did not support the finding.

The cause was tried in the Municipal Court in a manner as a quasi-criminal matter. Leave was given plaintiff on May 25, 1962 to file her complaint. The defendant on that day appeared in person and the cause was postponed on his motion. Several other continuances followed on motions of the State, the defendant, agreement of the parties, and by order of court. On April 4, 1963 the cause came up for trial. Defendant, through his counsel, requested a trial by jury. It developed in a discussion before the court that counsel did appear on several of the previous dates when the case was postponed and that he had previously stipulated with the attorney for the plaintiff that the parties submit to a lie test. Although defendant's attorney stated that his appearance was filed, the record did not so disclose and he was asked, on April 4, 1963, to file it formally. The attorney prepared and filed his appearance with a demand for jury trial. The court indicated that the time for jury demand had passed and denied defendant a jury trial. The clerk then asked defendant for his plea. Defendant said "not guilty." The clerk repeated "Plea of not guilty, jury waived." Defendant's counsel stated they were not waiving the jury but that the court was so ordering. The record for that day recites that "the defendant, being duly advised by the court as to his right to a trial by jury in this cause, elects to waive a trial by jury, and the cause is, by agreement in open court between the parties hereto, submitted to the court for trial without a jury." The case proceeded to trial before the court and the decision followed.

 At common law no duty is reposed in a putative father to support his child born out of wedlock. This obligation and remedy is imposed by the

485

statute. Where a remedy is the creature of statute, such remedy may be enforced only in a manner pre-scribed by that statute. It has been held that where a remedy is in derogation of the common law, deriving its validity from statute, the proceedings, in all essential particulars, must conform to the requirements of the statute. 1 ILP Actions, sec 62; Kosicki v. S. A. Healy Co., 380 Ill 298, 44 NE2d 27 (1942).

The Paternity Act (Ill Rev Stats 1961, c 106¾) provides for the remedy sought by the instant action. Section 5 thereof provides as follows:

> "Upon the appearance of the accused and in his presence, the court shall examine the woman. . . . The accused shall have the right to controvert the charge, and evidence may be heard as in other cases within the jurisdiction of the court."

Section 6 provides:

> "At the time appointed for appearance and answer, the court shall cause an issue to be made up whether the person charged is the father of the child, which issue, upon demand of either the mother or the accused person, shall be tried by a jury. . . ."

No formal pleadings were required in the Municipal Court and no answer was filed. No time was appointed for filing of an answer. The Act made it a duty of the court to cause an issue to be made up. The record indicates that on the trial date, April 4, 1963, the court "arraigned" the defendant and he pleaded not guilty. His formal appearance by counsel was requested on that day and his counsel made a jury demand in his behalf. In Hudson v. Leverenz, 10 Ill2d 87 on page 93, 139 NE2d 255 (1956), our Supreme Court held that "while the power of the legislature to

regulate the right of jury trial in some reasonable manner has long been recognized in this State, this court has stated that a statute doing so 'should be liberally construed in favor of the right and the inclination of the court should be to protect and enforce the right.' (Morrison Hotel & Restaurant Co. v. Kirsner, 245 Ill 431, 433, 92 NE 285.) " We believe defendant's demand was timely and the trial court erred in denying defendant's request for a jury trial.

Because the cause must be remanded for a jury trial, it is not necessary to pass upon the other grounds of the appeal. The decision of the lower court is reversed and the cause remanded for trial by jury.

Reversed and remanded.

MURPHY, P. J. and BURMAN, J., concur.