THE PEOPLE *ex rel.* JERLENE HARRIS, Plaintiff-Appellee, *v.* PHILIP WILLIAMS, Defendant-Appellant.

(No. 56875;

First District—November 29, 1972.

Walter LaVon Pride, of Chicago, for appellant.

William J. Scott, Attorney General, and Edward V. Hanrahan, State's Attorney, both of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Nicholas D. Taubert, Assistant State's Attorneys, of counsel,) for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The relatrix, Geraldine (Jerlene) Harris, brought an action in the Circuit Court of Cook County charging the defendant, Philip Williams, with being the father of her son, Terrell Darshay Harris. The court found

him guilty and ordered him to pay $7.50 per week to the Department of Public Aid.

The defendant appeals, contending he was erroneously denied his right to a continuance and a trial by jury, the court was prejudiced against him, and the judgment was contrary to the weight of the evidence.

On July 8, 1969, Geraldine Harris, a 23-year old divorced woman, gave birth to a male child, and on February 4, 1970, she filed a complaint charging that Philip Williams was the father.

The case was set for trial on February 24, 1970. On that day the defendant's attorney filed his appearance and the case was continued but no answer was filed then or any other time. There were a total of five continuances granted, and the trial judge held the defendant for trial on the date designated in the continuance marked "final."

The defendant contends it was error to deny another continuance because his attorney represented to the court he had been held to trial in another cause and he needed time to have a witness brought into court by subpoena.

The record shows Mr. Pride, the defendant's attorney, made no representation to the court concerning another trial, and he did not comply with the applicable statute. Section 59 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, sec. 59) provides in part:

> "On good cause shown, in the discretion of the court and on just terms, additional time may be granted for the doing of any act or the taking of any step or proceeding prior to judgment.
>
> The circumstances, terms and conditions under which continuances may be granted, the time and manner in which application therefor shall be made, and the effect thereof, shall be according to rules."

Supreme Court Rule 231 (Ill. Rev. Stat. 1969, ch. 110A, sec. 231), provides in part:

> "(a) Absence of Material Evidence. If either party applies for a continuance of a cause on account of the absence of material evidence, the motion shall be supported by the affidavit of the party so applying or his authorized agent. The affidavit shall show (1) that due diligence has been used to obtain the evidence, or the want of time to obtain it; (2) of what particular fact or facts the evidence consists; (3) if the evidence consists of the testimony of a witness, his place of residence, or if his place of residence is not known, that due diligence has been used to ascertain it; and (4) that if further time is given the evidence can be procured."

■■ In the present case there was no affidavit presented and no allegation of due diligence, merely the naked representation that the witness could not be contacted. The trial court acted within its proper exercise of discretion.

The defendant next contends the trial court had a duty to grant him a jury trial. Section 6 of the Paternity Act (Ill. Rev. Stat. 1969, ch. 106¾, sec. 56), provides:

> "At the time appointed for appearance and answer, the court shall cause an issue to be made up whether the person charged is the father of the child, which issue, upon demand of either the mother or the accused person, shall be tried by a jury."

Section 64 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, sec. 64), provides:

> "(1) A plaintiff desirous of a trial by jury must file a demand therefor with the clerk at the time the action is commenced. A defendant desirous of a trial by jury must file a demand therefor not later than the filing of his answer. Otherwise, the party waives a jury."

■■ In the instant case the defendant went to trial without filing an answer and made no demand for a jury in his five appearances prior to trial. Under these circumstances he waived his right to a jury. In the case of *People v. Stephens* (1971), (133 Ill.App.3d), 270 N.E.2d 212, the court stated:

> "The Civil Practice Act, which governs in paternity actions in the absence of any contrary statement in the Paternity Act itself (1967 Ill. Rev. Stat., ch. 106¾, § 64) does allow a late motion for a jury trial (1967 Ill. Rev. Stat., ch. 110, § 59; see, also, 1967 Ill. Rev. Stat., ch. 110A, Supreme Court Rule 183). Under both the statute and the rule, the motion will be granted but only for good cause shown. In addition, there must be notice to the other party, and the court need grant such motion only in its discretion. See, e.g., *Hudson v. Leverenz*, 10 Ill.2d 87, 139 N.E.2d 255.
>
> In this case the motion for a jury demand was not made following notice to plaintiff, nor was good cause shown by the defendant. Indeed, in this instance no cause was shown at all. The trial court did not abuse its discretion when it denied a motion for a jury trial. The defendant had appeared five times before the trial court without making any demand for a jury trial. See *Trapani v. Trapani*, 109 Ill.App.2d 202, 248 N.E.2d 294."

■■ At trial, when he demanded a jury, the defendant was under the erroneous belief that a paternity action is quasi criminal in nature. It is well settled that a paternity action is a civil proceeding to compel the

putative father to contribute support payments. *People ex rel. Dalman v. O'Malley* (1963), 43 Ill.App.2d 95.

The defendant also maintains he was not proven guilty by a preponderance of the evidence. He testified he was acquainted with the complainant, but only by sight, and denies ever having intercourse with her. He said he was given her telephone number in a tavern by another·woman, but never called her, that she called him and asked him to pick her up, but he told her he was too busy. He also points out the name of the child on the birth certificate is that of the complainant's ex-husband.

Geraldine Harris testified she had known the defendant since she was fourteen years old and had started to meet him in a tavern in September of 1968. She stated the defendant took her to a motel and had intercourse with her on October 16, 1968. Her son was born on July 8, 1969. She also denied having intercourse with any other man during the period in question.

Marcy Montgomery testified she was baby sitting for·Geraldine Harris on October 16, 1968, and saw the defendant pick her up and also saw him when he brought her back at about 2:30 in the morning of October 17.

At the conclusion of the testimony the court stated:

THE COURT: "He is very vehement about the fact that there was no intercourse. Equally, she is consistent that there was. Having an opportunity to observe them, I will take her testimony and find him guilty of being the father as charged."

■■ After reading the record, we conclude the judgment was not contrary to the manifest weight of the evidence.

The defendant's final point is that the court was prejudiced against him and denied him a fair trial. We also conclude the record does not support this contention.

For these reasons, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and ADESKO, JJ., concur.