JANET T. EHORN, Plaintiff-Appellee, *v.* PETER PODRAZA, Defendant-Appellant.

Second District No. 76-91

Opinion filed August 19, 1977.

Thomas J. Young, of Reis, Kula & Young, of Lombard, and Flack, Chisholm & Krneta, of Lake Zurich, for appellant.

Mirabella, Facktor, Mirabella & Kincaid, of Wheaton, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

After a bench trial in the circuit court of Du Page County, the defendant, Peter Podraza, was determined to be the father of Troy

Ehorn, the child born to plaintiff, Janet Ehorn, in a proceeding under the Paternity Act. Ill. Rev. Stat. 1973, ch. 106 3/4, par. 51 *et seq.*

The defendant appeals contending the trial court erred in denying his request for trial by jury and his motion for a change of venue. We agree.

On April 1, 1975, plaintiff filed her complaint pursuant to the Paternity Act, asking that defendant be found to be the father of her child and seeking maternity expenses, child support and attorney's fees. A summons was personally served on defendant at his residence in Lake County on April 4, 1975. The summons did not require an appearance by defendant on a particular date but that he file an appearance within 30 days of the date of service; his attorney did so on April 28. Depositions were taken of the parties on July 22, 1975, and defendant apparently then learned for the first time that the child had been born in Cook County. At the time in question the Paternity Act provided that a proceeding under the Act instituted after the child was born could be brought only in the county where the child was delivered or where the defendant resided. (Ill. Rev. Stat. 1973, ch. 106 3/4, par. 54.) Here the child was born in Cook County on January 30, 1975, and the putative father resided in Lake County. This complaint stated simply that plaintiff resided in Du Page County and defendant in Lake County. Defendant filed a motion for a change of venue which was heard and denied on September 5 and trial was set for October 6, 1975. On the date of trial defendant made a demand for trial by jury which was also denied. A trial by the court resulted in a verdict for the plaintiff.

At common law, the father of an illegitimate child had no duty to provide support; the remedy is purely statutory in nature and may be enforced only in the manner prescribed by the statute. (*People ex rel. Cantazaro v. Centrone* (1964), 48 Ill. App. 2d 484, 199 N.E.2d 226.) The Paternity Act provides that the Civil Practice Act shall govern all paternity proceedings except where the Paternity Act contains specific provisions. Ill. Rev. Stat. 1973, ch. 106 3/4, par. 64.

■■ A paternity suit is unique in that it has both civil and criminal attributes. It is essentially an action to recover money damages for the primary purpose of preventing the child from becoming a public charge. (*People ex rel. Harris v. Williams* (1972), 8 Ill. App. 3d 821, 291 N.E.2d 323; *People ex rel. Dalman v. O'Malley* (1963), 43 Ill. App. 2d 95, 192 N.E.2d 589.) The procedure contemplated by the Act resembles somewhat the procedure in a criminal case. The action is instituted by the filing of a complaint by the mother who may be represented by the State's Attorney, the Attorney General or private counsel. (Ill. Rev. Stat. 1973, ch. 106 3/4, par. 54.) A summons is issued as in a civil case, but if the defendant fails to file an appearance on or before the return date on the

summons, a warrant may issue for his arrest and he may be required to post bond. The statute provides further that:

"Upon the first appearance of the accused, the Judge shall fully advise him of his rights to counsel and to a complete transcript of the proceedings in the cause. The judge shall further inform the defendant that he may plead not guilty, * * * that he must be proven guilty by a preponderance of the evidence, that he has a right to a trial by jury in the cause, and that if he is proven to be the father of a child born out of wedlock he will be liable for the support, maintenance, education and welfare of the child until the child attains the age of 18, as well as the reasonable expenses of the mother during the period of her pregnancy. * * * Upon the appearance of the accused and in his presence, * * * the court shall examine the woman, upon oath or affirmation, on the charge that the defendant is the father of the child. The accused shall have the right to controvert the charge, and evidence may be heard * * *. If the court is of the opinion that no sufficient cause is established, it shall dismiss the complaint and discharge the accused. * * * If the accused admits the charge, or waives examination of the complainant, or if after the accused has controverted the charge the court, upon examination, determines that sufficient cause appears, it shall bind the accused person, * * * to answer the charge and to abide the final order or judgment. * * *"(Ill. Rev. Stat. 1973, ch. 106 3/4, par. 55.)

Following the "sufficient cause" hearing, the statute provides:

"At the time appointed for appearance and answer, the court shall cause an issue to be made up whether the person charged is the father of the child, which issue, upon demand of either the mother or the accused person, shall be tried by a jury." Ill. Rev. Stat. 1973, ch. 106 3/4, par. 56.

The Paternity Act sets no time schedule for any of these procedural steps. The Civil Practice Act provides that a defendant must file a jury demand not later than the filing of his answer or his right to trial by jury is waived. (Ill. Rev. Stat. 1973, ch. 110, par. 64.) In a civil action, the answer must be filed within 30 days of service of the summons and complaint on the defendant and the jury demand must be filed with it unless the court allows additional time.

In the instant case defendant made his demand for jury trial on the scheduled trial date approximately six months after the filing of the complaint. It was the first and only personal appearance in court required of the defendant although his attorneys appeared twice prior to the trial date to argue motions. The record fails to indicate that any preliminary examination of the plaintiff was held by the court to determine the

existence of sufficient cause or that the hearing was waived by the defendant. Apparently none of the procedures regarding the hearing to determine "sufficient cause" or the "appearance and answer" hearing were ever carried out. The record does not indicate that defendant was ever informed by the court of his statutory rights earlier enumerated or that the court ever caused the issue of whether defendant was the father of plaintiff's child to be formed as required by the statute.

■■ Plaintiff contends that defendant waived his right to a jury trial by waiting until the trial date to make his demand. As a matter of courtesy, the defendant or his attorney could have made his request known earlier to enable the court to set the case on the jury call, but did not do so. It is not our intention to encourage dilatory tactics on the part of any litigant; however, the statute in this case contemplates that the defendant will be required to answer to the charge, whether verbally in the form of a plea of guilty or not guilty or in writing in the form of a written answer, at the time appointed by the court for "appearance and answer." It also clearly provides that the demand for jury trial may be made at the time the court causes the issue to be formed. Since it appears that the defendant was never required to appear and answer and that no issue was ever formed by the trial court prior to the scheduled trial date, defendant cannot be said to have waived his right to trial by jury at some earlier date. See generally *Alsen v. Stoner* (1969), 114 Ill. App. 2d 216, 252 N.E.2d 488.

In *People ex rel. Cantazaro v. Centrone* (1964), 48 Ill. App. 2d 484, 199 N.E.2d 226, the court held that where a defendant in a paternity action, whose attorney had not entered a formal appearance but had appeared in court several times on defendant's behalf, filed a jury demand on the date of trial prior to defendant's plea of not guilty, his demand was timely and he was entitled to trial by jury. The court in *People ex rel. Harris v. Williams* (1972), 8 Ill. App. 3d 821, 291 N.E.2d 323, reached a different conclusion, but in that case the defendant appeared five times prior to the trial date without making a jury demand and went to trial without filing a written answer. We must assume that the procedural requirement of the Act concerning the hearing to determine sufficient cause was met and that the court formed the issue or that those requirements were waived by the defendant. That is not the case here.

The record indicated that defendant did file a written answer which included a written demand for a jury trial. The parties disagree as to when that answer was filed. The defendant contends it was filed prior to trial; the record shows it stamped "filed" by the clerk on October 8, two days after trial. Since it is clear that at least a verbal demand was before the court prior to trial, the time the written answer and demand was, in fact, filed is not material to our disposition of this issue.

Defendant also contends that the trial court erred in denying his motion

for a change of venue. While the court acknowledged that the case was filed in the wrong venue, it found that defendant had waived his objection to venue by filing a general appearance through counsel and denied the motion.

■■ The Paternity Act does not specify when objections to venue must be raised and we refer, then, to section 8(2) of the Civil Practice Act which states in pertinent part:

"All objections of improper venue are waived by a defendant unless a motion to transfer to a proper venue is made by him on or before the date upon which he is required to appear or within any further time that may be granted him to answer * * *." (Ill. Rev. Stat. 1973, ch. 110, par. 8(2).)

Although plaintiff contends the Civil Practice Act would require defendant to request transfer to a proper venue on or before the return date of the summons served upon him, we believe that is too inflexible a rule to apply in this case. No authority has been cited by plaintiff requiring that application of the Act in this circumstance where the Paternity Act requires the court to set a time for the appearance and answer of defendant but the court did not do so other than to set the date of trial. Just as defendant's right to demand jury trial remained viable to the date of trial in that circumstance, we believe defendant did not earlier waive his objections to the trial being conducted in the wrong venue. This determination is particularly appropriate here where the fact plaintiff commenced this action in the wrong county was not apparent from the face of the pleading and could not be ascertained until discovery had been undertaken by the parties and defendant learned the child had been born in Cook, not Du Page County.

Because this case must be reversed for failure to allow defendant a trial by jury and will be remanded for transfer to a proper venue for trial, we need not consider defendant's further contentions regarding blood tests. We assume a renewed request for same made promptly after the case is transferred will be granted.

■■ Plaintiff filed a motion in this court for the assessment of attorney's fees against defendant for preparing this appeal and to strike certain exhibits relating to blood tests from defendant's brief which we took for decision with the case. The exhibits objected to will be stricken; they were not a part of the record below and may not be introduced for the first time on appeal. That portion of plaintiff's motion seeking fees will be denied. Defendant also filed a motion here, which we have taken with the case, to strike plaintiff's brief and designation of excerpts from the record. It will be denied.

The issue raised regarding costs of litigation assessed against defendant will be resolved on retrial. See *People ex rel. Perz v. Schneemilch* (1967),

82 Ill. App. 2d 371, 227 N.E.2d 132, and the Cost Act (Ill. Rev. Stat. 1973, ch. 33, par. 7).

For the reasons stated this case must be reversed and will be remanded with directions to transfer to the circuit court of Lake or Cook County for further proceedings in accordance with the Paternity Act.

Reversed and remanded with directions.

RECHENMACHER, P. J., and SEIDENFELD, J., concur.