# Henry Jones v. The People of the State of Illinois, ex rel. Maggie Warren.

1. ALIBI—*when, established in prosecution for bastardy.* Held in this case that the preponderance of the evidence established the alibi set up by the defendant.

Action commenced before justice of the peace. Appeal from the County Court of Franklin County; the Hon. JAMES P. MOONKYHAM, Judge, presiding. Heard in this court at the February term, 1904. Reversed and remanded. Opinion filed September 9, 1904.

W. S. CANTRELL and GEORGE A. HICKMAN, for appellant.

T. J. MYERS, State's Attorney, for appellee; JOPLIN & SPILLER, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

May 30, 1901, Maggie Warren, appellee, filed her complaint for bastardy against appellant, before a justice of the peace in Franklin county, charging him with being the father of her child, with which she was then pregnant. Appellant waived examination and the case was afterwards tried at the August term, 1903, of the County Court of that county, where a verdict was returned in favor of appellee and judgment, in the usual form in such cases, entered against appellant.

The sole contention of appellant on this appeal is, that the verdict was contrary to the weight of the evidence and that the court therefore erred in overruling the motion for a new trial.

On the trial appellee produced no evidence except her own testimony. She swore that her child was born June 18, 1901, and that appellant was its father; that he had sexual intercourse with her on five different dates, and that she became pregnant through intercourse with him on September 7, 1900. Appellant testified that he did not and could not have had intercourse with her on September 7, 1900, for the reason that he was then confined to his bed at his father's home with typhoid fever. Appellant's

father and his physician both testified that appellant was at his father's home, confined to his bed by an attack of typhoid fever on said date, and the physician swore he visited his patient at that place on said day. It also appeared from the testimony of appellant and the two witnesses last named that appellant was confined to his father's home from about September 1 to October 8, 1900. Appellee in her testimony fixed the several places where she said the acts of sexual intercourse took place and the home of appellant's father was not one of these places. No attempt was made to impeach the witnesses for defendant by proof that their general reputation for truthfulness was bad and their testimony was contradicted by appellee alone. No reason appears from the record nor is any suggested by counsel why the testimony of appellant and his two witnesses should be disregarded and that of appellee alone accepted as true. The preponderance of the evidence was so very largely in favor of the claim of appellant that he did not have intercourse with appellee on September 7, 1900, or on any of the other occasions named by her during the month of September, that we conclude the jury must have been influenced by sympathy for appellee in her unfortunate condition, or by prejudice against appellant, to have found in favor of appellee. We have not overlooked the fact that there was evidence concerning other acts of sexual intercourse between the parties than those claimed by appellee to have taken place in the month of September, but under the conditions shown by this record that evidence could not sustain the verdict.

Upon a consideration of the whole case we are of opinion that a new trial should have been granted by the court below.

The judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*