**People of the State of Illinois, ex rel. Virginia Dalman, Plaintiffs-Appellants, v. Charles O'Malley, Defendant-Appellee.**

**Gen. No. 48,947.**

First District, First Division.

September 9, 1963.

Raymond L. Jones, of Chicago (John R. Jeffers, of counsel), for appellants.

No briefs filed for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

Plaintiff appeals from a judgment order of the Municipal Court of Chicago finding the defendant not guilty in a proceeding brought under the Paternity Act, Illinois Revised Statutes 1961, Chapter 106¾, Section 54. We have only the brief filed by plaintiff.

This proceeding was instituted upon the verified complaint of Virginia Dalman, an unmarried woman, charging that defendant, Charles O'Malley, was the father of her son, born out of wedlock on September 28, 1961. The defendant waived a trial by jury and the proceedings were heard by the trial court.

Virginia Dalman knew Charles O'Malley for about two years. They were invited guests at a house party given by a married couple in Rolling Meadows, Illinois, on December 26, 1960. During the course of the evening both plaintiff and defendant consumed intoxicating liquors to the extent that their hosts felt it would not be safe for them to drive home and they accepted an invitation to stay overnight. About midnight, after all the guests had left the party they were given pillows and blankets. The residence consisted of five rooms and the only sleeping space available to them was the living room. Plaintiff slept on the living room couch and defendant on the floor near the couch. The next morning they had breakfast with their hosts and left.

Plaintiff testified she had two acts of intercourse with defendant on the night of December 26, which was denied by defendant. She also testified that they had intercourse twice a month during the months of January, February and March of 1960, and that on two other occasions they had stayed overnight after parties given at the Rolling Meadows household. She further testified she did not have intercourse with anyone except defendant during the years 1960 and 1961 and there was no evidence to the contrary.

Defendant's testimony did not differ substantially from that of plaintiff, except that he denied the acts of intercourse during the night of December 26, 1960. On direct examination he admitted having intercourse with the complainant on several occasions, but denied it took place during the months of January, February or March, 1960. On cross examination however, he admitted having intercourse with her for the first time in January, 1960, the next time possibly in March or April and then in July of that year.

On January 16, 1961, the complainant met defendant after phoning him and informed him that she was

■■■■■■■■■■■■■■■■■■■■

pregnant. The defendant testified he did not admit then that he made her pregnant and that he always denied it. Some time later and after several discussions it was determined she was pregnant and defendant contacted someone to arrange an abortion, but the complainant, after agreeing, changed her mind. They discussed the matter of money and defendant testified he agreed to pay the doctor bills, but would pay no money for support.

■ A paternity proceeding in its nature has the appearance of a criminal prosecution, but in fact it is a civil proceeding, the main object being to compel the putative father to contribute to the support of his illegitimate child and to prevent the child from becoming a public charge. Scharf v. People, 134 Ill 240, 24 NE 761.

The plaintiff contends that the judgment of the trial court is clearly and palpably against the manifest weight of the evidence, and is contrary to the evidence.

We are mindful of the standard rule that we must affirm the trial court's findings unless such findings are clearly and palpably erroneous. In order for a reviewing court to determine that the verdict is against the manifest weight of the evidence, an opposite conclusion must be clearly evident. Vasic v. Chicago Transit Authority, 33 Ill App2d 11, 180 NE2d 347. Where however such an opposite conclusion is evident, this Court has not hesitated to reverse a verdict of not guilty in a paternity suit. People ex rel. Lesner v. Vacianos, 304 Ill App 580, 26 NE2d 623.

■ ■ With these propositions in mind we have carefully examined the entire record and have concluded that an opposite conclusion is evidenced by the facts there presented. The evidence reveals and the defendant admits that he had sexual intercourse with the complainant on prior occasions, but claims abstinence at the time they slept in the same room on Decem-

ber 26, 1960, nine months and two days prior to the birth of a child to complainant. The alleged intercourse between a female and a putative father is always carried on clandestinely. The complainant is thus forced to prove her case by circumstantial evidence and in paternity suits such evidence has been afforded great weight on appeal. People ex rel. Miceli v. Rembos, 26 Ill App2d 429, 168 NE2d 562; People v. Romanowski, 291 Ill App 619, 9 NE2d 727.

Here we have an admittedly existing intimate relationship between the parties. The testimony of the complainant is corroborated as to the time, the place and the opportunity. Furthermore, the defendant has admitted that a series of meetings took place shortly after the party incident in which discussions of abortion and expenses took place. In addition we have the inconsistencies of the defendant's testimony.

In view of these facts which overwhelmingly support the complainant's allegations, the judgment of the Municipal Court is reversed, as manifestly against the weight of the evidence and not justified by the evidence, and the cause is remanded with directions to set the judgment aside and grant a new trial.

Judgment reversed and cause remanded with directions.

ENGLISH, PJ and MURPHY, J, concur.