### Joan Cornmesser, Plaintiff-Appellee, v. Robert Laken, Defendant-Appellant.

**Gen. No. 11,754.**

Second District, Second Division.
October 14, 1963.
Rehearing denied November 5, 1963.

John R. Snively, of Rockford, for appellant.

William R. Nash, of Rockford (William H. Gates, of counsel), for appellee.

SPIVEY, J.

This appeal involves a case under the Paternity Act wherein by a jury verdict the defendant was found to be the father of a child born to the plaintiff, out of wedlock.

The appeal was originally lodged in the Supreme Court on the theory that a constitutional question was

therein involved and was by that court transferred here without opinion.

Plaintiff's complaint was filed in the County Court of Winnebago County. The defendant appeared in open court with his counsel pursuant to the usual warrant. He was furnished a copy of the complaint, entered a plea of not guilty and was admitted to bail.

Subsequently there was a trial by jury at which time defendant was present and represented by counsel.

The jury returned a verdict in words as follows, "We, the Jury, find the defendant, Robert Laken, is the real father of said child born out of wedlock of the said Joan Cornmesser, an unmarried woman."

Post-trial motions were overruled and the Court then entered the following order,

"This matter having been heard on this 26th day of October 1961, and the above named defendant having been found to be the father of Daniel Cornmesser, a child born out of wedlock on March 4, 1961, before the Honorable Fred J. Kullberg, Judge of the County Court of Winnebago County, Illinois. The Court enters the following order:

"It is thereby ordered that the defendant is liable to the child for his support, maintenance, education and welfare. The defendant shall pay to the Clerk of the County Court of Winnebago County, Illinois Twelve and 50/100 Dollars ($12.50) per week commencing October 26, 1961 for the liability set forth above. These payments are to be made so long as liability for such child continues under the terms and provisions of the 'Paternity Act.'"

Defendant's motion to vacate the judgment and order of support of October 26, 1961 was by the court denied on February 24, 1961.

In addition to the constitutional question, defendant assigns numerous grounds for reversal. Except for

■

one citation (not in point) not a single authority is cited in defendant's brief and argument other than the statutory provisions which were not set out in his brief as required by Rule 7 of this Court.

■ The Paternity Act adopted in 1957, c 106¾, § 1 et seq., Ill Rev Stats 1961, superseded the Act concerning bastardy, c 17, Ill Rev Stats. The prime purpose of both of these acts is the same, namely, to determine the putative father and to provide support for the illegitimate child so as to prevent said child becoming a public charge.

■ The proceedings under the Paternity Act are civil in nature and are governed by the provisions of the Civil Practice Act except as otherwise specifically provided in the Paternity Act. (Ill Rev Stats 1961, c 106¾, § 64.)

Defendant contends the complaint was defective in that it did not contain a specific prayer that the court establish the paternity of the child and that the complaint should have been amended to recite that the child had been born out of wedlock instead of a recitation that the plaintiff was pregnant with child fathered by the defendant.

■ Any objection to the complaint if one existed was cured by verdict (Mooney v. People, 96 Ill App 622) and waived by proceeding to trial without objection. (People v. Suhling, 231 Ill App 256; People v. Anders, 173 Ill App 561; People v. Humbract, 215 Ill App 29.)

[4–7] It is said the Court did not follow the procedures specified in Section 5 of the Paternity Act, c 106¾, § 58, Ill Rev Stats 1961. Defendant's brief points out only one specific error, namely, that his plea of not guilty was irregular and did not form a proper issue. Under the prior act a plea of not guilty presented a sufficient issue even though not as formal as might be. (People v. Woodrich, 72 Ill 407, and

328

People v. Humbract, 215 Ill App 29.) In as much as the Civil Practice Act is applicable to the instant proceeding, it would have been more appropriate for the issues to have been drawn by defendant filing an answer or other pleading. He cannot now complain of his failure to provide a more formal issue. We will not search the record to determine if any other proper procedures have not been followed. It is counsel's duty to point them out to us if any exist. In any event defendant would have waived any irregularity in the preliminary proceedings by having failed to object before trial.

█ It is further argued that the court failed to cause an issue to be made up as to whether the defendant is the father of the child as provided by Section 6 of the Paternity Act. A similarly worded section under the former act was held to be directory and not mandatory. (People v. Humbract, 215 Ill App 29.) However in the instant case it cannot be said that the jury was not informed of the issue in that the Court gave the following instruction tendered by the defendant, "The plaintiff may establish paternity of the child Daniel Cornmesser against the defendant Robert Laken, if she proves as against said defendant, by the greater weight of the evidence and under the instructions of the Court each and all of the following elements: 1. That said Joan Cornmesser was on March 4, 1961 the date of birth of Daniel Cornmesser, an unmarried woman. 2. That a male child Daniel Cornmesser was born to her on March 4, 1961. 3. That said Daniel Cornmesser was 'a child born out of wedlock.' 4. That said child is now living. 5. That the defendant Robert Laken is the father of the child. 6. That said child has not been legally adopted. If the plaintiff fails to prove any of the foregoing elements by a greater weight of the evidence, she cannot establish paternity."

■ Defendant's further argument of a material variance between the allegations of the complaint and the proof cannot prevail. His post-trial motions for a new trial and to vacate the judgment allege variations in general terms and did not suggest any specific variation. A general allegation of variance will not preserve the question for consideration. (Gascoigne v. The Metropolitan West Side El. R. Co., 239 Ill 18, 87 NE 883.)

Defendant contends he did not have a fair trial before an impartial jury. On this point it is sufficient to say that his argument in no manner approaches the point made.

■ It is suggested the verdict is defective in having failed to name the child alleged to have been sired by the defendant. A verdict with like omission was held to be sufficient in Curran v. People, 35 Ill App 275, which followed the case of Davis v. People, 50 Ill 199. In our opinion the verdict is sufficiently responsive to the pleadings and under the instructions of the Court to determine the identity of the child.

■ It is argued that the Court did not enter a proper judgment contemplated by Section 9 of the Paternity Act. No particular form of judgment order is prescribed by the statute. The judgment on the verdict recited that the jury's verdict found the defendant to be the father of Daniel Cornmesser. It further ordered the only remaining thing to be done, that is, the fixing of payments the defendant was liable to make for the support, maintenance, education and welfare of the child he was found to be the father of. We find the judgment to be responsive to the verdict under the issues and in substantial compliance with the statute.

■ Error is assigned to the support order. It is argued that it is not supported by a proper judgment and that no evidence was heard touching upon the

330

child's requirements nor the financial condition of the father.

Having already held the judgment proper we consider only the question of the evidence requirements.

The order having recited that the matter having been "heard," this assigned error is without merit.

It was said in Anthony v. Gilbrath, 396 Ill 125, 71 NE2d 84, "The word 'hearing' is a familiar term and is generally understood as meaning a judicial examination of the issues between the parties, whether of law or fact. Glennon v. Britton, 155 Ill 232, 40 NE 594."

The Court in that case used particularly appropriate language when it said, "In view of this recital in the order allowing attorney's fees to appellant for services rendered on the 'hearing' it cannot be assumed that there was no such hearing. From this order it definitely appears that there was a hearing of some kind. The record itself cannot be disputed or disregarded. If there was such a hearing, and from the record we must conclusively presume there was, then the burden was on the appellant to show what transpired in the hearing by preserving a report of proceedings and making it a part of the record on appeal." To like effect: Matthews v. Weiss, 15 Ill App2d 530, 146 NE2d 809.

Lastly, defendant argues that the plaintiff failed to prove her case by a preponderance of the evidence. No useful purpose will be fulfilled by a recital of the testimony. Suffice to say is that the evidence offered on behalf of the plaintiff was adequate to sustain the jury verdict over the evidence on behalf of the defendant to the contrary.

The judgment of the County Court of Winnebago County is affirmed.

Affirmed.

CROW, P. J. and WRIGHT, J., concur.