**In the Matter of Charlotte Blackwell, Relatrix-Appellee, v. Nick Welti, Respondent-Appellant.**

**Gen. No. 49,036.**

First District, Third Division.

February 27, 1964.

John F. Hoover, of Arlington Heights, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Edward J. Hladis, Chief of the Civil Division, and Joseph V. Roddy, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

This a paternity case. The defendant, Nick Welti, appeals from a judgment which found him to be the father of a child born to the plaintiff, Charlotte Blackwell.

Charlotte Blackwell, age 18, became pregnant in April 1961 and gave birth to a child on January 31, 1962. She testified that she had sexual intercourse with Welti, and no other man or boy, during March, April, May and June of 1961. After she was five months pregnant, she and Welti lived together for a few weeks, but she left him because he beat her. Her mother testified that Welti was a visitor in their home almost every weekend until she found out in the early spring of 1961 that her daughter was pregnant and that he was a married man.

Welti testified that he had sexual relations with the plaintiff between October 1960 and March 1961, but not in March, April, May or June. He said that the next time he had intercourse with her was when they lived together later on that year. He was separated from his wife during the time he was going with the plaintiff and he further testified that he was divorced in September 1961 and had married again in May 1962.

[1-3] In a paternity case the burden of proof is upon the plaintiff and the charge against the defendant must be proved by a preponderance of the evidence. People ex rel. Miceli v. Rembos, 26 Ill App2d 429, 168 NE2d 562. The trial judge, who heard the testimony and appraised the witnesses, found that Welti was the father of the child. In reaching this conclusion the judge must have believed the testimony of Charlotte Blackwell and disbelieved that of Welti. When a case is tried without a jury it is for the trial judge to determine the credibility of the witnesses and the

weight to be given their testimony. This rule applies to paternity cases. People ex rel. Harrison v. Siroky, 343 Ill App 520, 99 NE2d 586. The testimony of Charlotte Blackwell, if believed, was sufficient to sustain the finding of guilty.

■ The defendant also assigns as error an order of the court which set his performance bond. It is stated that the bond required of him was a cash bond of $1,000, and it is argued that such a bond is improper under the statute. Ill Rev Stats 1961, c 106¾, § 60. The argument cannot be considered because the record does not bear out the statement. On the date of the hearing, September 26, 1962, the court ordered the defendant to pay $15 per week for the support of the child and $349.33, at $50 per week, for medical bills incurred because of the plaintiff's confinement. In discussing the proposed order the court indicated that a surety bond of $1,000 would be required to guarantee the defendant's performance. The defendant's attorney thereupon asked that the defendant be released under his personal recognizance until the following day to give him an "opportunity to obtain the underwriting of the Surety Performance Bond." The court granted the request and the order of September 26th released the defendant from custody "on a $2,500 Personal Surety bond to be executed by him." The record does not show what happened the following day. There is no other order and there is no bond of any kind in the record. There can be no appeal from a nonexistent order. Place v. Improvement Fed. Sav. & Loan Ass'n, 24 Ill2d 245, 181 NE2d 94.

Furthermore, the defendant's notice of appeal is only from the order of September 26th. No mention is made in the notice of appeal of the order supposedly

entered on September 27th, when, it is stated, the $1,000 cash bond was set.

The judgment of the Circuit Court is therefore affirmed.

Affirmed.

SCHWARTZ, P. J. and McCORMICK, J., concur.