SHARON KAY PRESLEY, Plaintiff-Appellee, *v.* THOMAS DAVID MOORE, Defendant-Appellant.

(No. 70-179; )

Third District—December 20, 1971.

James D. Reynolds, of Peoria, for appellant.

Morton S. Goldfine, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Peoria County sitting without a jury declaring the Defendant-Appellant, Thomas Moore, to be the father of the children (twins) of Plaintiff-Appellee, Sharon Presley, pursuant to the Paternity Act. (Ill. Rev. Stat. 1969, ch. 106¾, par. 51.) The only question raised on this appeal is the sufficiency of the evidence to support the judgment of the trial court.

During the latter part of May, 1966, plaintiff met defendant and began dating him. During the middle of June the parties had sexual intercourse. On July 15, 1966, defendant was drafted and underwent his basic training at Fort Leonard Wood, Missouri.

According to plaintiff the defendant returned home on the Labor Day week-end 1966, and at that time they had further sexual intercourse. Defendant denies this incident insisting that he did not return to Peoria on the Labor Day week-end and that he could not have done so because no leaves were granted during basic training.

Plaintiff discovered she was pregnant in the early part of October, 1966. In late November, 1966, plaintiff went to Fort Sill, Oklahoma where defendant was then stationed and they spent the week-end in a motel engaging in further sexual intercourse.

When defendant returned to Peoria shortly before Christmas on leave Plaintiff in a disturbed emotional state, requested the defendant to tell her parents of her pregnancy. The defendant went with the plaintiff to see her parents, told them that she was pregnant and indicated that he did not intend to marry plaintiff because the child would be placed for adoption.

This petition was originally filed by plaintiff in February, 1967, alleging her pregnancy and defendant's paternity. Twins were born to plaintiff on May 5, 1967. Notice of the paternity proceeding was not served on the defendant until April, 1969.

After the December, 1966 incident during which plaintiff's pregnancy was revealed to her parents, plaintiff did not again see defendant until July, 1968, when defendant was discharged from the service having completed his tour of duty. In the fall of 1967, plaintiff wrote to defendant requesting money for herself and her children in anticipation of a possible lay off from her employment. Defendant sent her $100.

After July 15, 1968, when defendant had been discharged from the service, the parties dated more or less regularly, frequently had sexual intercourse and continued such relationship for several months, the

relationship apparently terminating on account of plaintiff's active pursuit of the paternity action.

Plaintiff is not and never has been married. She is the sole support of said minor children.

With respect to the propriety of the judgment the parties have directed our attention to such cases as, *People v. Schmitt*, 101 Ill.App.2d 183, 242 N.E.2d 275, *Jones v. People*, 116 Ill.App. 64, *People ex rel. Daiman v. O'Malley*, 43 Ill.App.2d 95, 192 N.E.2d 589 and *People ex rel. Elkin v. Rimici*, 97 Ill.App.2d 470, 240 N.E.2d 195.

The cited cases generally demonstrate and illustrate factual situations which have been held to be or not to be sufficient to support declarations of paternity. However none of them are of any special application to the factual situation presented by the case at bar but affirm the general proposition that there must be sufficient evidence to support the judgment.

We have reviewed the evidence and it is our conclusion that there is sufficient evidence to support the judgment. On appeal all of the evidence together with the reasonable inferences therefrom must be considered in their aspects most favorable to plaintiff in order to determine whether she has sustained her cause of action by sufficient evidence.

The principal controversy so far as the facts are concerned is whether defendant did have sexual intercourse with plaintiff on the Labor Day week-end in 1966, since this appears to be the crucial time. With reference to this incident the testimony of plaintiff and defendant is in direct contradiction and the credibility of the conflicting accounts depends upon and is affected by the other testimony in the case. Defendant's own testimony generally corroborates the plaintiff's testimony regarding the times and places during which the parties engaged in sexual intercourse except for the Labor Day week-end event. Additionally defendant's own testimony corroborates the December incident when plaintiff's pregnancy was discussed with her parents. Defendant seeks to avoid the unfavorable inferences which may be drawn from this incident by characterizing his testimony as somewhat confused and endeavoring to explain his conduct as a result of plaintiff's emotional upset. Although neither of the parents testified that defendant admitted his parentage it may be reasonably inferred from their testimony as well as that of defendant that they believed him to be the prospective father at the time of the confrontation and defendant did little if anything to dispel such belief. Regardless of defendant's efforts to dismiss the event and the conversation which took place as insignificant we believe the trial court was entitled to conclude otherwise. The substance of the testimony

regarding this instance is that defendant announced that he did not intend to marry plaintiff because the child would be placed for adoption. Such evidence offers substantial support for plaintiff's claim and corroborates her testimony.

Whether defendant's payment to plaintiff of $100 in the fall of 1967 was a loan as defendant insists does not change the fact that the money was received by plaintiff from defendant. A reasonable inference may be drawn from this payment whether loan or otherwise, which is consistent with plaintiff's claim and inconsistent with defendant's position.

Defendant presented the testimony of Patrick McGavin, who was inducted into the service from Peoria in July, 1966. He served his basic training period at the same facility as did the defendant and according to the witness the defendant did not leave the base during the Labor Day week-end in 1966. The witness also returned to Peoria after his period of service and was operating a filling station in Peoria at which the defendant occasionally purchased gasoline. Although defendant characterizes the testimony of this witness as having such disinterested and impartial significance as to be controlling the inferences to be drawn from his testimony could be considered conflicting. Not only was the witness defendant's friend to some extent but more importantly his recollection of the events of a day or two during his tour of service some three years in the past without the events having any significance at the time can hardly be considered to have a substantial persuasive effect.

In conclusion it is our opinion that the evidence of plaintiff is neither incredible, implausible nor improbable and is sufficient to support the judgment of the court.

For the foregoing reasons the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

SCOTT and DIXON, JJ., concur.