No. 44386.—

THE PEOPLE *ex rel.* PAUL PETER SLAWEK, Appellant and Cross Appellee, v. COVENANT CHILDREN'S HOME *et al.,* Appellees and Cross Appellants.— (Christopher Dana Stroh, Appellant.)

*Opinion filed May 26, 1972.*

SCHAEFER and RYAN, JJ., took no part.

KENNETH J. BURNS, JR. and LYNNE E. McNOWN, both of Chicago (JENNER & BLOCK, of counsel), for appellant Paul Peter Slawek.

WILLIAM H. ALEXANDER, of Chicago, Guardian ad Litem for appellant Christopher Dana Stroh.

NICHOLAS STEVENSON and JOHN J. CASEY of GRAHAM, STEVENSON & CASEY, of Chicago (ISHAM, LINCOLN & BEALE and THOMAS, MAMER & HAUGHEY, of counsel), for appellees.

JERROLD N. OPPENHEIM and ANN G. LUTTER-BECK, both of Chicago, for *amicus curiae* The Roger Baldwin Foundation of ACLU, Inc.

CAHILL & GALLAGHER, of Chicago, for other *amici curiae.*

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County denying a petition for *habeas corpus* filed by the petitioner, Paul Peter Slawek, who seeks to obtain the custody of a child from the adoptive parents, Larry and Eleanor Moreland, respondents herein. The child was born out of wedlock and placed for adoption through the Covenant Children's Home, a licensed adoption agency, also a respondent, after the natural mother validly consented to the adoption.

Slawek's petition alleged, *inter alia,* that he was the father of the child and the adoption agency knew this fact but notwithstanding this knowledge the adoption was finalized without notice to him or his consent because the Illinois Adoption Act precludes the father of an illegitimate child from asserting any right to the child in such proceedings. (Ill.Rev.Stat. 1969, ch. 4, par. 9.1—1E, and ch. 4, par. 9.1—8.) He contended that these statutory provisions were unconstitutional for they denied him equal protection of the law and therefore the adoption of his son was invalid. He prayed that he be awarded the custody of the child.

After an evidentiary hearing, the trial court denied the petition, holding that Illinois law validly allows an adoption without notice or consent of the putative father. He appeals contending that the aforementioned statutory provisions as well as section 12 of the Paternity Act (Ill.Rev.Stat. 1969, ch. 106¾, par. 62), which denies the putative father the custody of his child absent his attempt to legally adopt the child, are unconstitutional.

It is argued that Illinois statutes protect the rights of the parents of legitimate children and the natural mother of an illegitimate child by requiring that notice and their consent must be obtained prior to an adoption and they

are further entitled to custody of the child unless they are proved unfit in judicial proceedings. However, none of these rights are afforded to the putative father.

The United States Supreme Court has recently held that State laws which deny a hearing to determine the fitness of a father for the custody of his children born out of wedlock while extending this right to other parents are based upon an unreasonable distinction and violate equal-protection principles. (*Stanley v. Illinois, 405 U.S. 645, 31 L.Ed.2d 551, 92 S.Ct. 1208.*) The court recognized that the interests of the father of an illegitimate child are no different from those of other parents. Thereafter, the court vacated other decisions which denied the putative father various rights to his child. *(Rothstein v. Lutheran Social Services, 47 Wis.2d 420, 178 N.W.2d 56, vacated (1972), ――― U.S. ―――, 31 L.Ed.2d 786, 92 S.Ct. 1488; Vanderlaan v. Vanderlaan, 126 Ill.App.2d 410, vacated (1972), ――― U.S. ―――, 31 L.Ed.2d 787, 92 S.Ct. 1488.)* We hold that the provisions of the Adoption and Paternity Acts are unconstitutional insofar as they are in conflict with *Stanley, Rothstein* and *Vanderlaan.* In this regard, we direct attention to the United States Supreme Court's remand in the *Rothstein* appeal, in which the issues and facts are similar to those in the instant case. That order, in pertinent part, reads as follows: "The judgment is vacated and the case is remanded *** for further consideration in light of *Stanley v. Illinois,* 405 U.S. 645 (1972), and with due consideration for the completion of the adoption proceedings and the fact that the child has apparently lived with the adoptive family for the intervening period of time."

We therefore vacate the judgment of the circuit court of Cook County denying the petition for *habeas corpus* and remand the cause for a hearing in accordance with the views herein expressed.

*Judgment vacated and cause remanded.*

SCHAEFER and RYAN, JJ., took no part in the consideration or decision of this case.