Sharon Schultz, Plaintiff-Appellant, *v.* Jackie Peeler, Defendant-Appellee.

(No. 72-115; )

Fifth District—April 5, 1973.

Michael P. Seng, of Land of Lincoln Legal Assistance Foundation, of Cairo, for appellant.

. No appearance for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

This case involves a paternity suit seeking maternity expenses pursuant to Ill. Rev. Stat. 1967, ch. 106¾. A bench trial was held in the Circuit Court of Union County and after the plaintiff rested her case the defendant moved for a judgment on the evidence alleging (1) that plaintiff had failed to prove any damages and (2) that plaintiff had failed to establish paternity pursuant to Ill. Rev. Stat. 1971, ch. 106¾, the Paternity Act, in that the child's death shortly after being born deprived the defendant of the opportunity for a blood test. The trial court granted the defendant's motion and this appeal followed.

The plaintiff's evidence indicated that she first met the defendant in August of 1970. The defendant then returned to active duty with the Armed Forces and returned to Dongola on November 1, 1970. The plain-

tiff and the defendant had corresponded during his absence. Upon his return they had intimate relations and on December 21, 1970 the plaintiff consulted a physician and learned that she was pregnant. The plaintiff testified that the defendant was the only person with whom she had ever had intercourse.

Plaintiff first went into labor on May 26, 1971 and went to the hospital in Highland, Illinois. She was transferred to Southeast Missouri Hospital in Cape Girardeau, Missouri and was discharged on June 1, 1971. On June 3, 1971 she returned to the Southeast Missouri Hospital and on June 5, 1971 gave birth to a boy. The child was two and one-half months premature. The child died on the day of its birth and was subsequently buried.

The judgment of the trial court in favor of the defendant based on the failure to introduce sufficient evidence to prove any damages is against the manifest weight of the evidence.

While many elements of damage were properly excluded because of insufficient foundation, we do not deem it necessary to discuss the ruling since these errors should be corrected upon re-trial of the case.

■■■ It is clear that the plaintiff in a paternity case must prove the charge against the defendant by a proponderance of the evidence. (*Blackwell v. Welti*, 46 Ill.App.2d 453, 197 N.E.2d 126.) It is equally clear that a father whose paternity is established shall also be liable for the reasonable expenses of the mother during the period of her pregnancy, confinement, and recovery. (Ill. Rev. Stat. 1971, ch. 106¾, par. 53.) Par. 1 of the Paternity Act provides that the court may order blood tests. The results of such tests are admissible only if the results definitely exclude the alleged father. Par. 4 provides that if the experts who administer the tests disagree on their findings, such findings shall not be admissible and the question of paternity shall be submitted upon all the evidence.

■■ The death and burial of the child prevented the taking of a blood test, but this does not require the abatement of the suit. The suit must now be tried as if there were no Act on Blood Tests to Determine Paternity or as if the results of such tests were inconclusive and inadmissible.

Judgment reversed and cause remanded for a new trial.

Reversed and remanded.

EBERSPACHER, P. J., and JONES, J., concur.