ELIZABETH PETROUS, Plaintiff-Appellee, *v.* RICHARD ROBERTS, Defendant-Appellant.

(No. 72-105;

Second District—July 16, 1973.

Franks & Wylde, of Rockford, for appellant.

William J. Scott, Attorney General, of Chicago, (Donald S. Carnow, Assistant Attorney General, of counsel,) for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

We are called upon to determine whether the *Pedrick* rule is applicable to a case brought under the Paternity Act (Ill. Rev. Stat. 1971, ch. 106¾, par. 51, *et seq.*) and, if so, whether the trial court correctly entered a judgment notwithstanding the verdict in favor of plaintiff after a jury had found defendant not to be the father of plaintiff's child.

The plaintiff, Elizabeth Petrous, testified that during the period of conception she was with defendant while he was stationed at Ft. Bliss, Texas, that she had sexual relations with him, and with no others, and became pregnant by him; and that defendant admitted to her that he was the father of the child. She testified also to prior sexual relations over a period of time in Rockford, Illinois before defendant left for the service, to his promise of marriage, to his gift to her of wedding rings, and to his sending for her to come to Texas.

The testimony of the defendant corroborated that of the plaintiff as to their sexual relations in Rockford. He said that he had told her not to come to Texas (although he conceded that he had previously written that he wanted her there when he got settled). He denied that he had asked the plaintiff to marry him, saying he bought her the rings "to keep her from running around, or something like that." Defendant admitted that he had intercourse with the plaintiff over a period of time, including the period of conception, and that he used protection only part of the

time. In answer to the question, "To your knowledge, as far as you know,  *  *  *  was that child fathered by you?", he said, "I can't deny that it's not mine—I can't deny that. It is a possibility." He later stated, "I admit that I had relations, but I believe there were other relations involved in it too. I don't believe I am the only one, no."

Defendant urges that the standard for the entry of a judgment *n.o.v.* established in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill.2d 494, 510, should not be extended to paternity cases because of the uniqueness of the action. He alludes particularly to the difficulty of proving that defendant is not the father of the child; and to the specific direction in the Paternity Act that in the trial of the issue whether the person charged is the father of the child, the credibility of the mother and the defendant shall be left to the court or jury as the case may be. Ill. Rev. Stat. 1971, ch. 106¾, par. 56.

■■ The provisions of the Civil Practice Act, however, apply to paternity actions in the absence of specific provision in the Paternity Act. (Ill. Rev. Stat. 1971, ch. 106¾, par. 64. See *Alsen v. Stoner* (1969), 114 Ill.App.2d 216, 220.) The entry of judgments *n.o.v.* is provided for in section 68.1 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 68.1)—and no section of the Paternity Act specifically provides otherwise.

■■ We are not persuaded that the *Pedrick* test should not apply to paternity actions because the rule was stated in a negligence case. The rationale of the opinion applies to the general problem of promoting the efficient administration of justice where no substantial factual disputes exist, in order to avoid unnecessary retrials in which the verdict cannot be factually sustained even though there is "some evidence" to sustain it. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill.2d 494, 504.) This problem is not unique to negligence cases.

■■ We further cannot conclude that the application of the *Pedrick* rule in paternity cases improperly impairs the defendant's right to have the jury determine the issue of paternity. A somewhat similar argument was rejected in *Pedrick* (pages 504, 505, 511).

■■ The end result of defendant's argument that judgment should not be entered contrary to the jury verdict in favor of a defendant in a paternity suit would be to deny review of the findings of the trier of fact, either the jury or the court alone, in such cases. This would be contrary to the numerous authorities which have reviewed findings of the court or jury in a paternity case to determine whether the verdict or finding has support in the evidence. See *Ford v. Narup* (1962), 38 Ill.App.2d 245, 248; *Cornmesser v. Laken* (1963), 43 Ill.App.2d 324, 331; *People ex rel. Dalman v. O'Malley* (1963), 43 Ill.App.2d 95; *People v.*

*Rimicci* (1968), 97 Ill.App.2d 470, 476; *Presley v. Moore* (1971), 4 Ill.App.3d 76.

■■ Defendant also claims that the jury was not required to give credence to plaintiff's testimony and that without her testimony, since she was the sole witness for the plaintiff, it cannot be said that, viewing the evidence in its aspect most favorable to defendant, no verdict for defendant can stand in terms of the *Pedrick* rule. The argument falls under the circumstances of this case since the testimony of the defendant corroborates the essential elements of plaintiff's cause of action.

Defendant admits having intercourse with plaintiff several times during the period of conception, often without the use of protection devices. He admits that he is possibly the father of plaintiff's child. While he states a belief that plaintiff had relations with others plaintiff denies this, and there is no evidence substantiating this assertion. The evidence, viewed in its aspect most favorable to defendant, so overwhelmingly favors plaintiff no verdict for defendant could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill.2d 494, 510.

We therefore affirm the judgment below.

Affirmed.

GUILD, P. J., and T. MORAN, J., concur.