THE PEOPLE *ex rel.* MARY ANN WALSH, Plaintiff-Appellant, *v.* DUANE R. KILBRIDE, Defendant-Appellee.

(No. 72-141; ■■■

Third District—January 30, 1974.

Edward P. Drolet, State's Attorney, of Kankakee, for appellant.

Leonard Sacks, of Kankakee, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an action under the "Paternity Act". The Circuit Court of Kankakee County, after trial without a jury, entered judgment for defendant, Duane R. Kilbride, finding that he was not the father.

In the complaint herein, filed Dec. 2, 1970, Mary Ann Walsh alleged that she was unmarried and the mother of a child, Nicole Kilbride, born out of wedlock on Jan. 7, 1970, and that the defendant is the father of the child. Defendant entered his appearance pleading not guilty. Trial was begun Dec. 20, 1971, at which time complainant presented her case in chief. She testified that Nicole was conceived April 1 or 2, 1969, at which time she had sexual intercourse with defendant, that she had previously coupled with defendant four or five other times. That Nicole was born two weeks late and that during the time she went with defendant she never had intercourse with any other man. That defendant did not deny that he was the father and further, that he gave her a signed and acknowledged certificate of paternity wherein he certified that he was the father and consented that his name be entered on Birth Certificate Records as the father. This certificate was admitted into evidence as plaintiff's exhibit 2. A witness testified that she saw the parties together the late evening of April 1 and early morning of April 2, 1969.

At close of plaintiff's evidence a motion for dismissal was made which motion was taken under advisement and the cause continued until Jan. 17, 1972, at which time the motion was denied and the defendant then

testified. He said he did have sexual intercourse with Mary Ann four or five times and that it could have been as late as April 1 or 2, 1969. He did not recall the specific incident (nor did he specifically deny it). At the close of defendant's testimony both sides rested and the cause was taken under advisement to Jan. 31, 1972.

On Feb. 8, 1972, in the absence of plaintiff and her counsel the court allowed defendant's motion to take the case under further advisement on the ground that he had discovered new evidence, wished to investigate and would need time to file a motion to re-open the case. The case was then continued until Feb. 29, 1972.

On Feb. 29 defendants' lawyer presented a motion to re-open the case accompanied by his (the lawyer's) affidavit which said that additional evidence was in the process of being produced. The court allowed the motion and set the hearing for April 17, 1972.

On April 17, 1972, the defendant presented an affidavit and advised the court that he had no further evidence.

The affidavit, which was ordered filed, in effect stated:

> That affiant talked to two persons both of whom advised affiant that they kept company with Mary Ann during the period. That neither would testify.

> That affiant further states that there are other persons known to him who kept company with Mary Ann during the period but they have refused to permit their names to be made known and that they would not testify.

The court then, on April 20, entered an order which among other things stated, "* * * and especially having observed the demeanor of the complaining witness on the witness stand and the manner in which she conducted herself while testifying, Court feels that it cannot give sufficient credibility to the testimony of the Plaintiff to find that she has proved her case by a preponderance of the evidence."

Appellant first contends that the decision in *Stanley v. Illinois*, 405 U.S. 645, 31 L.Ed.2d 551, 92 S.Ct. 1208, would require that provision must be made for legal representation of the child Nicole Kilbride in the proceedings.

■■ *Stanley* held that State laws which deny a hearing to determine the fitness of a father for the custody of his children born out of wedlock while extending this right to other parents are based upon an unreasonable distinction and violate equal protection principles. (*People ex rel. Slawek v. Covenant Children's Home*, 52 Ill.2d 20.) It has no application to the instant case.

Appellant next contends that the execution of the written sworn acknowledgment of paternity by defendant is binding upon him and

brings to question the finding of the trial court that the testimony of the mother was unbelievable.

■■ In a paternity case questions of credibility and weight are, of course, for the trier of the fact (*People ex rel. Miceli v. Rembos*, 26 Ill. App.2d 429), and it is our duty to affirm the findings of the trial court unless such findings are clearly and palpably erroneous. *People ex rel. Dalman v. O'Malley*, 43 Ill.App.2d 95.

■■ Here the evidence reveals and the defendant admits that he had sexual intercourse with the complainant on prior occasions and even concedes that it could have been on the date in question. Even though the acknowledgement of paternity by defendant was challenged by defendant as being given in an effort to compromise it remains an admission. While evidence of an offer of compromise it not admissible against defendant as admission of guilt, admissions of independent facts, made during negotiations for compromise, are admissible in evidence. (18 I.L.P. *Evidence* sec. 134; 10 C.J.S. *Bastards* sec. 86, note 14.) In fact the rule never applied to bar evidence of express admissions of liability. It is only the implied admission from the fact of offer that is barred by the exclusionary rule. Gard, Illinois Evidence Manual, rule 204; 29 Am. Jur.2d *Evidence* secs. 629—632; Jones on Evidence (5th ed.), secs. 390—393; Annot. 15 A.L.R.3d 13; *Steiner v. Rig-A-Jig Toy Co.*, 10 Ill.App.2d 410, 421.

■■ Not being a judicial admission, defendant's admission of paternity is not conclusive, nevertheless being in writing and given under oath it is evidence of great weight against the defendant, placing him under the necessity of producing persuasive evidence to show why he should not be bound by it. Jones on Evidence (6th ed.), sec. 13:56, note 66; 31A C.J.S. *Evidence* p. 918, note 10.

Here we have an admittedly existing, intimate relationship between the parties. The testimony of the complainant is corroborated as to the time, place and opportunity. The defendant admitted under oath that he was the father. The affidavit of defendant presented on April 17 has no merit whatsoever. Keeping company is somewhat short of intimate relations. *People ex rel. DeCamp v. Kirk*, 223 Ill.App. 362.

■■ In view of these facts which overwhelmingly support the complainant's allegations the judgment of the Circuit Court of Kankakee County is reversed, as manifestly against the weight of the evidence and not justified by the evidence, and the cause is remanded with directions to set the judgment aside and grant a new trial.

Judgment reversed and cause remanded with directions.

ALLOY, P. J., and SCOTT, J., concur.