THE PEOPLE *ex rel.* WENDY WARREN WIDER, Plaintiff-Appellee, *v.* VERGIE LEE JOHNSON, Defendant-Appellant.

(No. 74-369;

Fifth District—March 11, 1975.

Joseph R. Bartylak, of Land of Lincoln Legal Assistance Foundation, Inc., of Alton, for appellant.

William M. Wippold, Assistant State's Attorney, of Edwardsville, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

This is an appeal from the judgment of the Circuit Court of Madison County finding defendant-appellant to be the father of plaintiff-appellee's illegitimate child pursuant to the provisions of the Paternity Act (Ill. Rev. Stat. 1973, ch. 160¾, par. 51 *et seq.*). The case was tried before the court sitting without a jury. Appellant contends that the evidence was insufficient to establish his paternity of the child by a preponderance of the evidence.

■■ Section 6 of the Paternity Act (Ill. Rev. Stat. 1973, ch. 106¾, par. 56) provides that both plaintiff and defendant are competent witnesses in a paternity action and that their credibility is to be determined by the trier of fact. Where the evidence presented by the plaintiff and defendant is contradictory, the trier of fact may believe one party and not the other. (*Blackwell v. Welti,* 46 Ill.App.2d 453, 197 N.E.2d 126 (1964).) Only where the trial court's judgment is palpably contrary to

the manifest weight of the evidence will this court reverse its judgment. *People ex rel. Dalman v. O'Malley,* 43 Ill.App.2d 95, 192 N.E.2d 489 (1963).

■■ We have reviewed the entire record and find that the judgment of the court was not contrary to the manifest weight of the evidence. We further find that no error of law appears of record and that an opinion in this cause would serve no precedential value. Pursuant to our powers under Supreme Court Rule 23 (Ill. Rev. Stat. 1973, ch. 110A, par. 23), therefore, we affirm the judgment of the Circuit Court.

Affirmed.

JONES, P. J., and G. MORAN, J., concur.