THE PEOPLE *ex rel.* DEBORAH ANN TEMPLE, Plaintiff-Appellant, *v.*
DOUGLAS WILLIAMS, Defendant-Appellee.

Fourth District    No. 12861

Opinion filed August 12, 1976.

C. Joseph Cavanagh, State's Attorney, of Springfield (Eugene M. Daly,
Assistant State's Attorney, of counsel), for appellant.

John B. Crain, of Brunsman, Crain & Kenney, of Springfield, for appellee.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

The jury returned a verdict for the defendant in this complaint under the Paternity Act. The trial court denied post-trial motions for a judgment *non obstante veredicto* and for a new trial. A timely appeal was filed.

The child was born on September 27, 1973. The record includes the elements that the complaining witness was unmarried and was the mother of the child and that the child was living and had never been adopted. The testimony of the defendant admits and corroborates complaining witness that the parties were attending high school and began dating in October, 1972, and that thereafter beginning in December they had sexual relations upon a number of occasions. There is testimony that defendant reported this activity to a colleague in December, and that in March or April, 1973, defendant admitted to a friend of the complainant that he could be the father of the child. The only apparent conflict in testimony is that defendant states that he quit seeing the complainant shortly after her birthday on February 22, 1973, while she testified that they continued to see each other until the middle of March. Three witnesses corroborated the latter statement.

There is no denial of the testimony of the complaining witness that, in fact, she told defendant in February, 1973, that she thought she was pregnant and that there was some discussion of marriage, and that again, following medical confirmation of the pregnancy in June, at a meeting of the parties and their respective parents there was some discussion that the defendant's parents would pay the expenses.

The complaining witness denies having sexual relations with any other male and there is no evidence that she did so.

■■ In *Petrous v. Roberts* (2d Dist. 1973), 12 Ill. App. 3d 992, 299 N.E.2d 322, the court rejected the argument that the *Pedrick* test (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504) should not be applied in paternity cases. As in *Petrous*, the testimony of defendant corroborates the complainant upon the essential elements of the action.

■■ Defendant argues that the complaining witness was impeached, and that defendant was entitled to have the jury pass upon her credibility. It has been held that a witness's contradiction of his own testimony upon immaterial matters will not render the testimony unworthy of credit. (*Crabtree v. Hagenbaugh* (1861), 25 Ill. 214; *City of Chicago v. Lederer* (1916), 274 Ill. 584, 113 N.E. 883.) We find no material issue raised in the purported impeachment upon whether the complaining witness discussed getting birth control pills with her mother some time before she

met defendant, or the semantics in defendant's questions concerning whether complainant was "going steady" with one Winking before she met defendant. There being no issue of the fact of the sexual relations during the relevant period of time, the purported impeachment of the prosecuting witness concerning the date of the commencement of the acts has no material significance and does not inhibit the application of the *Pedrick* rule.

■■ Defendant argues that no evidence was offered with regard to whether the baby was a full-term child. No authority is cited and we have not found that such evidence is a necessary element in the action. Here, as in *People ex rel. Staples v. Prude* (1974), 18 Ill. App. 3d 269, 309 N.E.2d 670, hospital and medical records were equally available to defendant but no effort was made to support any relevant argument by evidence.

■■ Upon review of this record we conclude that, as in *Pedrick,* all of the evidence upon material issues discloses no "factual disputes of some substance," and that when such evidence is viewed most favorably to the defendant it so overwhelmingly favors plaintiff that no contrary verdict could ever stand. By such test the trial court erred in denying plaintiff's motion for a judgment *non obstante veredicto. Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504; *Petrous v. Roberts* (2d Dist. 1973), 12 Ill. App. 3d 992, 299 N.E.2d 322.

The judgment is reversed and the cause is remanded to the circuit court with directions to enter a judgment *non obstante veredicto,* and to further proceed under the provisions of the Paternity Act.

Reversed and remanded with directions.

CRAVEN and GREEN, JJ., concur.