THE PEOPLE *ex rel.* PEGGY MARTIN, Plaintiff-Appellant, *v.* MELVIN PRESSWOOD, Defendant-Appellee.

First District (3rd Division)    No. 79-982

Opinion filed June 18, 1980.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., Samuel I. Berkley, and John E. Horn, Assistant State's Attorneys, of counsel), for appellant.

James J. Doherty, Public Defender, of Chicago, and Timothy J. Chambers, law student, for appellee.

Mr. JUSTICE RIZZI delivered the opinion of the court:

This suit was brought pursuant to the Illinois Paternity Act (Ill. Rev. Stat. 1977, ch. 40, par. 1351 *et seq.*). Complainant, Peggy Martin, charged defendant, Melvin Presswood, with fathering the child that was born to her out of wedlock. The jury made a finding of no paternity and further found that defendant was not the father of complainant's child. We affirm.

Prior to the trial, it was agreed that conception took place between March 11, 1977, and June 11, 1977. Complainant testified that she had engaged in sexual intercourse with defendant three or four times in April, 1977 and again on May 20, 1977. Neither she nor defendant used any contraceptive device. When complainant told defendant that she was pregnant, he said that no matter what happened, he was going to take care of it. Complainant also stated that she did not accuse defendant of fathering her child until after the baby was born and she was informed by Public Aid that she could not receive any funds until she named the father. She denied having sexual relations with anyone other than defendant during the 10 months preceding the baby's birth on January 11, 1978.

Defendant acknowledged having sexual intercourse with complainant on May 20, 1977, but disavowed having sex with her at any other time. He testified that he did not use any form of birth control on that occasion, but was unaware whether complainant had used any contraceptive. Although he was informed by complainant that she was pregnant, he did not know that she considered him the father until this suit was instituted. Defendant stated that he never made any admissions that he was the child's father, and complainant's testimony corroborates this statement.

Complainant argues that the trial court erred in denying her motion for judgment notwithstanding the verdict. Such judgments are to be entered only when "* * * all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14; see *Petrous v. Roberts* (1973), 12 Ill. App. 3d 992, 299 N.E.2d 322.

According to complainant, the evidence presented on the material issues showed that defendant admitted to having intercourse with her once during the period of conception, and that no contraceptives were used on that occasion. Complainant contends that once these essential facts were established, it was incumbent on defendant to produce evidence that complainant had engaged in sexual relations with another male during the relevant time period. No such evidence was presented. Therefore, complainant argues, no material facts were in dispute, and as a result, credibility ceased to be an issue. She concludes that when the evidence is viewed in the aspect most favorable to defendant, it so overwhelmingly favors complainant that no verdict for defendant could ever stand. We disagree, since there is adequate evidence to support a determination that defendant is not the father of complainant's child.

Contrary to what complainant argues, credibility is actually the crucial issue here. In a paternity suit, both the mother and the defendant

are competent witnesses, and their credibility is determined by the trier of fact. (Ill. Rev. Stat. 1977, ch. 40, par. 1356; see *People ex rel. Gomez v. Wedech* (1978), 58 Ill. App. 3d 518, 520, 374 N.E.2d 849, 851.) Here, complainant and defendant were the only witnesses. The judge and the jury had the opportunity to observe their demeanor and listen to their testimony. The decision reached below reflects a finding that defendant was the more credible witness. The evidence, when viewed most favorably to defendant, supports this conclusion.

Defendant never made any admissions that he was the father of complainant's child. The testimony does not disclose any actions on defendant's part which were inconsistent with a denial of paternity. Defendant never discussed marriage with complainant (see *People ex rel. Temple v. Williams* (1976), 40 Ill. App. 3d 764, 353 N.E.2d 94), or exhibited concern for the welfare of the child (see *People v. Rimicci* (1968), 97 Ill. App. 2d 470, 240 N.E.2d 195).

■■ Complainant's credibility, however, was impaired by her failure to inform defendant that he was the father of her child. When viewed most favorably to defendant, this failure casts doubt on complainant's testimony that she did not have sex with any other male during the period of conception. The jury was not required to believe complainant's statement merely because it was unrebutted. See *Ruggiero v. Public Taxi Service, Inc.* (1973), 16 Ill. App. 3d 754, 758-59, 306 N.E.2d 567, 570-71; *Storm v. Brown* (1973), 15 Ill. App. 3d 29, 32, 303 N.E.2d 42, 44.

■■ Thus, when all of the evidence is construed most favorably to defendant, it is sufficient to support the finding of no paternity. Accordingly, judgment entered in the trial court is affirmed.

Affirmed.

McGILLICUDDY, P. J., and SIMON, J., concur.