People of the State of Illinois ex rel. F. Merle Haughawout, et al., Plaintiffs-Appellees, v. Ernest W. Lantow, et al., Defendants-Appellants.

Gen. No. 10,580.

Fourth District.

May 24, 1965.

Graham and Maton, and Bernard B. Brody, of Chicago (Paul J. Maton, of counsel), for defendants-appellants.

Wood and Wood, and Sorling, Catron and Hardin, of Springfield (Harlington Wood, Jr., and Charles H. Northrup, of counsel), for plaintiffs-appellees.

TRAPP, J.

Defendants appeal from the orders of the trial court which granted summary judgment in quo warranto proceedings and denied motion to vacate such order. The order, as set out in the record, is as follows:

> "The Court finds that the defendants have filed no motion to strike the motion and affidavit in opposition to the motion for Summary Judgment and by reason thereof, the affidavits of plaintiffs in support of their motion are taken as true. That the issue raised by the complaint as to the ouster of defendants is now moot by lapse of time; that this Court now finds the issues for the plaintiffs, except as to the ouster of defendants and declares judgment for plaintiffs and against defendants for costs of suit."

The complaint of the relators alleges that on May 23, 1961, they were elected as officers and as members of the executive committee of the Illinois Pharmaceutical Association, a not-for-profit corporation organized under the laws of the State of Illinois, to serve during the calendar year 1962. The ultimate allegation of the complaint is that on or about July 26, 1962, the defendants unlawfully usurped the several offices and undertook to assume the position as officers and as members of the executive committee of the said association. The prayer of the complaint is:

". . . . that if they are unable to show lawful authority therefor, that they may be ousted and expelled by the judgment of this court from holding and exercising said offices. . . ."

The statute contains a section relating to the judgment in quo warranto in the following language:

"The Court shall determine and adjudge the rights of all parties to the proceeding. In case any person or corporation against whom such complaint is filed is adjudged guilty as charged in the complaint, the court may give judgment of ouster against such person or corporation from the office or franchise, and fine such person or corporation, and also give judgment in favor of the relator for the cost of the prosecution. . . ."

(c 112, § 14, Ill Rev Stats.)

 The order from which this appeal is taken purports to find the issues for the plaintiffs, but it does not adjudge the defendants guilty as charged in the complaint as is provided by statute and it does not order ouster or make any other judgment affecting the rights of the parties as is prayed in the prayer of the complaint.

408

In People ex rel. Englum v. Curtis, 341 Ill 628, 174 NE 30, the defendant filed a demurrer to the petition in quo warranto. When the demurrer was overruled, the defendant elected to stand by it and prayed an appeal. The Supreme Court held that the appeal must be dismissed where there was no judgment of ouster entered and the record showed no other judgment or order except the order allowing the appeal and approving the appeal bond. The Court said:

> "There must be a final judgment which settles the rights of the parties in respect of the subject matter of the suit and concludes them until it is reversed or set aside to authorize an appeal to this court,"

and held that the appeal must be dismissed since there was no final judgment or order. (Citing People v. Drainage Com'rs, 282 Ill 514, 118 NE 742.)

■■ The portion of the order providing judgment for costs for the plaintiffs and against the defendants is not a proper judgment from which an appeal may lie.

In Duncan v. National Bank of Decatur, 285 Ill App 305, p 310, 1 NE2d 902, the purported judgment included the language:

> ". . . 'enters his finding herein for and in favor of defendant . . . and against plaintiff . . . for costs.
>
> " 'It is therefore, ordered and adjudged by the Court that the said defendant, . . . do have and recover of and from plaintiff . . . the costs incurred herein, and that it have execution therefor.' "

The court noted that it had been repeatedly held in this State that a judgment for costs only is not a proper judgment from which an appeal may lie.

409

Again, in Anderson v. Samuelson, 340 Ill App 528; 92 NE2d 343, the purported judgment order denied a motion for a new trial and continued:

> " 'And now on motion of the said defendants for judgment on the verdict herein, it is now considered and adjudged by the court that the said defendants . . . do have and recover of and from the said plaintiff . . . their costs by them in and about this suit expended, and that execution issue therefor.' "

The court again noted that a judgment for costs only is not a final and appealable order in this State.

The statute relating to proceedings in quo warranto does not contain any provision for an interlocutory appeal, but provides that the Civil Practice Act, including its provision for appeal, shall govern proceedings in quo warranto. (C 112, § 15, Ill Rev Stats.)

The jurisdiction of this court upon appeal arises only by virtue of section 77 of the Civil Practice Act (c 110, § 77, Ill Rev Stats), and by virtue of such section is limited to the consideration of final judgments and orders of trial courts.

Jurisdiction cannot be conferred upon this court by agreement of the parties, and this court's want of jurisdiction cannot be waived by a party who fails to raise the question, as it is the duty of this court to consider the matter of jurisdiction and to dismiss the appeal on its own motion where there is a want of such jurisdiction. Brauer Machine and Supply Co. v. Parkhill Truck Co., 383 Ill 569, 50 NE2d 836. Anderson v. Samuelson, 340 Ill App 528, p 531, 92 NE2d 343.

For the foregoing reasons, this appeal must be dismissed.

SMITH, P. J. and CRAVEN, J., concur.