*In re* APPLICATION OF COUNTY COLLECTOR OF ROCK ISLAND COUNTY FOR JUDGMENT AGAINST CERTAIN PROPERTY.—(COUNTY COLLECTOR OF ROCK ISLAND COUNTY, Plaintiff-Appellee, *v.* REDCO, INC., *et al.,* Defendant-Appellant.)

(No. 71-137; )

Third District—February 15, 1972.

James J. Gende, of Moline, for appellant.

Dennis Faust, Assistant State's Attorney, of Rock Island, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

Objectors appeal from an order of the trial court dismissing objections to the Application of the County Collector of Rock Island County for judgment against real estate for taxes levied in 1966. The order, as set out in the record, is substantially as follows: "This cause coming on to be heard on the tax objections of Redco, Inc., by its attorney James J. Gende, the Motion to Dismiss same by the Rock Island County State's Attorney, affidavits filed in connection therewith, and hearing thereon, the Court finds: * * *

It is therefore Hereby Ordered, Adjudged and Decreed that the Mo-

tion to Dismiss the Tax Objections of Redco, Inc., and Missouri Gravel Co., be and the same is hereby allowed".

In *People v. Ridge Country Club,* 397 Ill. 127, 73 N.E.2d 432, it was held, that to be appealable, the judgment must be in accord with the form prescribed in the third paragraph of Section 235 of the Revenue Act. (Ill. Rev. Stat., ch. 120, par. 716.) The Court said, "The statute indicates a legislative intent to prescribe successive steps to be taken to reach a final judgment. Due to the method by which objections to tax levies are permitted to be filed and the procedure to be followed, it was necessary that some provision be made so that there would be a final, several judgment as to each tract, lot, or parcel of land for each kind of tax. The provision in the first paragraph which says the court may pronounce judgment as the right of the case might be is only one step of several that leads to a judgment and order of sale. After the court has pronounced judgment as the right of the case may demand, the clerk is directed to make out and enter an order of sale for each piece or parcel of property involved. The form prescribed in the third paragraph of section 235 requires that after recital of certain facts as to notice and other matters, the judgment shall state: "It is considered by the court that judgment be and is hereby entered against the aforesaid tract, or tracts, or lots of land, * * * in favor of the People of the State of Illinois, for the sum annexed to each, being the amount of taxes, * * * interest, penalties and costs due severally thereon." The paragraph concludes with an order directing that such property, or so much as is necessary, be sold to satisfy the amount due.

"The judgment from which the appeal may be taken under section 237 (par. 718) clearly refers to the judgment that has been entered in accord with the form prescribed in the third paragraph of section 235. A judgment thus entered is separate as to each piece or parcel of real estate. It contains, either by direct finding or by reference, the exact amount due for which the property is to be sold. It includes an order of sale. In short, it is the termination of the litigation and nothing remains to be done except to execute the order by selling the property, or so much thereof, as is necessary to recover the amount due. These factors are the essentials of a final judgment and are not present in the pronouncement of a judgment provided for in the first paragraph of section 235. The act, considered as a whole, appears to contemplate that there shall be a pronouncement as to the question raised by the objections which is to be followed by the entry of a judgment in substantially the form prescribed in the section".

■■ The order from which this appeal is taken is not a final and appealable order.

■■ The jurisdiction of this court upon appeal arises only by virtue of Section 6 of Article VI of the Illinois Constitution and is limited to reviewing Appeals from final judgments and from certain interlocutory orders specified by the rules of the Supreme Court. The Supreme Court has enumerated several types of interlocutory orders which are appealable as of right to the Appellate Court in Supreme Court Rule 307 but an order dismissing tax objections is not among them.

■■ Jurisdiction cannot be conferred upon this court by agreement of the parties, and this court's want of jurisdiction cannot be waived by a party who fails to raise the question, as it is the duty of this court to consider the matter of jurisdiction and to dismiss the appeal on its own motion when there is a want of such jurisdiction. *People ex rel. Haughawout v. Lantow*, 59 Ill.App.2d 406. *Brauer Machine and Supply Co. v. Parkhill Truck Co.*, 383 Ill. 569.

For the foregoing reasons, this appeal must be dismissed.

Appeal dismissed.

ALLOY, P. J., and SCOTT, J., concur.