E. J. DE PAOLI COMPANY, Plaintiff-Appellee, v. NOVUS, INC., *et al.*, Defendants-Appellants.

First District (4th Division) No. 86—2347

Opinion filed June 11, 1987.

Robert V. Gildo, Ltd., of Wheaton, for appellants.

O'Brien, O'Rourke, Hogan & McNulty, of Chicago (Donald V. O'Brien and Kathleen A. O'Dekirk, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Defendants Novus, Inc., and Lansing Landings Shopping Center, Ltd. (defendants), bring this appeal seeking reversal of a trial court's order denying their motion to dismiss plaintiff E. J. De Paoli Company's (De Paoli's) complaint. In its complaint, De Paoli seeks to foreclose on a mechanic's lien that it had previously filed against the defendants for contractual work that De Paoli performed but allegedly has not been compensated for. The defendants asked the trial court to dismiss De Paoli's complaint claiming that, under a contract executed between the parties, De Paoli was required to arbitrate any dispute that may arise.

The trial court denied the defendants' motion to dismiss the ruling that the contract did not bar De Paoli from seeking to enforce its mechanic's lien in a court of law.

The defendants now appeal asserting that the trial court erred in refusing to dismiss De Paoli's complaint.

As set forth below, we find that the trial court's order was not final and appealable and, as a result, the defendants' appeal is dismissed.

BACKGROUND

The facts of this case are not in dispute. In August of 1985, De Paoli and the defendants entered into a contract whereby De Paoli agreed to perform certain building and constructing services for the defendants. Prior to the completion of the building project, the archi-

tects involved issued a stop-work order to De Paoli. The stop-work order, however, was given after De Paoli had already invested considerable sums in performing its obligations under the contract. De Paoli requested payment for the completed work and when such payment was not forthcoming, De Paoli filed a mechanic's lien action with the trial court.

Soon thereafter, the defendants filed their motion to dismiss. According to the defendants, a provision in the contract provided that arbitration was the exclusive forum in which De Paoli could resolve any claims or dispute arising out of the contract.

The trial court denied the defendants' motion to dismiss, prompting the defendants to bring this appeal.

OPINION

 It is well settled that a reviewing court's jurisdiction is limited to two types of cases: those arising from final orders or judgments and those arising as interlocutory appeals under Supreme Court Rule 307. (*Branch v. European Autohaus, Ltd.* (1981), 97 Ill. App. 3d 949, 424 N.E.2d 6; 87 Ill. 2d R. 307.) It is the duty of this court to consider the matter of jurisdiction *sua sponte* and to dismiss an appeal on its own motion when proper jurisdiction is lacking. (*In re Application of County Collector v. Redco, Inc.* (1972), 3 Ill. App. 3d 917, 278 N.E.2d 811.) This court's jurisdiction cannot be conferred by agreement of the parties and the appellate court has jurisdiction only over those matters raised in a notice of appeal. (*Wells v. Kern* (1975), 25 Ill. App. 3d 93, 322 N.E.2d 496.) Furthermore, the mere fact that a trial court identifies an order as being "final and appealable" does not automatically vest jurisdiction in the appellate court. *Mexicali Club, Inc. v. Illinois Liquor Control Com.* (1976), 37 Ill. App. 3d 797, 347 N.E.2d 190.

In the case at bar, the defendants claim that this court's jurisdiction is granted by Supreme Court Rule 307(a). The defendants posit that "Illinois courts have held that a trial court's refusal to allow a party to pending litigation the right to compel arbitration pursuant to a contractual agreement is analogous to a ruling on a motion for preliminary injunction." The defendants contend that the trial court's denial of their motion to dismiss therefore constitutes a proper basis for an appeal under Supreme Court Rule 307(a). In support of their argument, the defendants cite *Kelso-Burnett Co. v. Zeus Development Corp.* (1982), 107 Ill. App. 3d 34, 437 N.E.2d 26; *J & K Cement Construction, Inc. v. Montalbano Builders, Inc.* (1983), 119 Ill. App. 3d 663, 456 N.E.2d 889; *Notaro v. Nor-Evan Corp.* (1983), 98 Ill. 2d 268,

456 N.E.2d 93.

Defendants' reliance on the above-cited cases is misplaced. In each of the cases set forth above, the plaintiffs involved requested specific relief from the trial court, namely, an order to stay the civil court proceedings and to compel arbitration. Once the trial court granted or denied the requested relief, an appealable order under Rule 307(a) existed, for the trial court's order compelling arbitration was indeed analogous to proceedings involving a preliminary injunction.

■ In the present case, however, the defendants did not file a motion to stay the proceedings or to compel arbitration or to stay arbitration. Nor did the defendants make any mention of section 2 of the Uniform Arbitration Act, which clearly provides for an appeal from a motion to stay or compel arbitration proceedings. (Ill. Rev. Stat. 1985, ch. 10, par. 102.) Instead, the defendants simply filed a motion to dismiss De Paoli's lawsuit. In fact, the defendants' notice of appeal sets forth quite clearly that the relief defendants seek is a reversal of the trial court's order "denying Defendants' motion to dismiss." No reference is made to compelling De Paoli to submit to arbitration in the defendants' notice of appeal, and the record is entirely devoid of any request on the defendants' behalf to compel De Paoli to submit to arbitration. As a result, it is clear that the defendants did not request the trial court to compel De Paoli to submit to arbitration; instead, the defendants merely requested that De Paoli's lawsuit be dismissed.

Furthermore, throughout these entire proceedings, the defendants have failed to identify on what legal basis their motion to dismiss was based; whether the motion to dismiss was pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), or whether section 2 of the Arbitration Act (Ill. Rev. Stat. 1985, ch. 10, par. 102) was at all applicable.

■ This court has previously held that proper trial court practice requires that a motion to dismiss specifically state upon which section of the Illinois Code of Civil Procedure the movant is relying. (See *Galayda v. Penman* (1980), 80 Ill. App. 3d 423, 399 N.E.2d 656.) It is significant to note, as pointed out by the *Galayda* court, that the requirements and consequences of a motion under each section are different; a section 2—615 motion for example, affords a moving party a different remedy than that provided by section 2 of the Arbitration Act. Indeed, assuming, as we must by the designation on defendants' motion ("Motion to Dismiss") that the defendants were moving to dis-

miss De Paoli's complaint under either section 2—615 or 2—619, compelling De Paoli to submit to arbitration is not a remedy which the trial court, under such circumstances, could grant.

■■ With only a motion to dismiss before it, the trial court's determination was limited to the legal sufficiency of the complaint. Compelling arbitration proceedings, therefore, was not at issue. Hence, it is evident that this appeal does not involve a denial of a request to compel arbitration; rather, all that is involved is the denial of a motion to dismiss.

With that in mind, it is axiomatic that the denial of a motion to dismiss does not constitute a final and appealable order. (*Jursich v. Arlington Heights Federal Savings & Loan Association* (1980), 83 Ill. App. 3d 352, 403 N.E.2d 1260; *Camp v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 1107, 403 N.E.2d 704.) Consequently, we have no jurisdiction to consider the merits of this appeal.

CONCLUSION

Accordingly, for the reasons set forth above, this appeal is dismissed.

Appeal dismissed.

McMORROW, P.J., and JOHNSON, J., concur.