ALISA HANSON et al., Plaintiffs-Appellees,. v. ILLINOIS CENTRAL GULF RAILROAD COMPANY et al., Defendants-Appellants.

Fifth District   No. 5—87—0634

Opinion filed September 28, 1988.

Gordon R. Broom, Peter E. Carlson, and Marc A. Lapp, all of Burroughs, Simpson, Hepler & Broom, of Edwardsville, for appellant.

Brad A. Badgley, of Heiligenstein & Badgley, P.C., of Belleville, for appellees.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

Plaintiffs, Alisa Hanson, Charla J. Malick, Diana M. Malick, Kenneth M. Malick and Robert W. Malick, filed an action in the circuit court of St. Clair County to recover damages for personal injuries they sustained when an automobile in which they were riding was struck by a train at a railroad crossing near DuQuoin, Illinois, in Perry County. Defendant George Malick, as administrator of the estate of Randy A. Malick, the driver of the automobile, promptly filed a motion to transfer this cause to Perry County on the grounds of *forum non conveniens*. Shortly thereafter, a motion to dismiss or transfer based on *forum non conveniens* was also filed by defendant Illinois Central Gulf Railroad Company (Illinois Central), which allegedly owned or operated the train that struck plaintiffs' automobile and "owned, maintained or used" the railroad tracks at the crossing where the collision took place.

Both motions were set for a hearing. Illinois Central's motion was denied. The record does not disclose what, if anything, became of the motion filed by George Malick. Illinois Central pursued the matter no further. George Malick, however, petitioned this court for leave to appeal pursuant to Supreme Court Rule 306(a)(1)(ii) (107 Ill. 2d R. 306(a)(1)(ii)). We granted that petition. On further consideration, we have concluded that, in so doing, we acted improvidently.

On this appeal, George Malick appears to be challenging the order of the circuit court denying his own *forum non conveniens* motion. As we have indicated, however, there is nothing before us to in-

dicate that his motion was ever ruled upon. It is axiomatic that no appeal may be taken from a nonexistent order. *In re Blackwell* (1964), 46 Ill. App. 2d 453, 455, 197 N.E.2d 126.

Malick suggests that the trial court's ruling on Illinois Central's motion must have been intended to dispose of his motion as well. Again, however, there is nothing before us to substantiate this claim. The motion filed by Illinois Central differed somewhat from that submitted by Malick, and the *forum non conveniens* considerations applicable to these parties were not the same. A possibility therefore exists that the circuit court could later have granted Malick's motion, even though the motion filed by Illinois Central was denied. Equally plausible is the possibility that Malick actually made a conscious decision not to pursue his motion once he realized that the motion filed by Illinois Central would fail. We simply cannot be sure from this record.

■■ ■ Under Illinois law, the appellant is under a duty to present a complete record on appeal so that the reviewing court will be fully informed regarding the issues in the case, and any doubts arising from the incompleteness of a record will be resolved against the appellant. (See *Daniels v. City of Venice* (1987), 162 Ill. App. 3d 788, 791, 516 N.E.2d 701, 703.) For the foregoing reasons, we must therefore assume that the circuit court's order denying Illinois Central's motion did not constitute a denial of the motion filed by Malick as well.

■ Given Malick's failure to provide a record which shows that his own motion was denied, the purported denial of that motion cannot serve as the predicate for this appeal. Nor can Malick base his appeal on the denial of the motion filed by Illinois Central. The right to appeal exists only in favor of a party whose rights have been prejudiced by the judgment or decree appealed from. (*Tisoncik v. Szczepankiewicz* (1983), 113 Ill. App. 3d 240, 244, 446 N.E.2d 1271, 1274.) Because, as we have noted, there is a possibility that Malick's motion could still be granted by the trial court even though the motion filed by Illinois Central was denied, one cannot yet say that Malick's rights have actually been prejudiced.

■ Absent a proper order by the trial court prejudicial to Malick's rights, this court has no jurisdiction to entertain his appeal. Although none of the parties has raised this issue, the jurisdiction of the appellate court cannot be conferred by agreement of the parties. (*E. J. De Paoli Co. v. Novus, Inc.* (1987), 156 Ill. App. 3d 796, 798, 510 N.E.2d 59, 60.) It is the appellate court's duty to consider the issue of its jurisdiction to entertain an appeal even where that issue

726

has not been raised by the parties, and if there is no order from which an appeal may properly be taken, it is the duty of the court to dismiss the appeal *sua sponte*. (156 Ill. App. 3d at 798, 510 N.E.2d at 60.) Accordingly, the appeal filed by Malick is hereby dismissed.

Appeal dismissed.

WELCH and CALVO, JJ., concur.