NOTICE

Decision filed 02/11/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 170255-U

NO. 5-17-0255

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| DARWYN'S PLUMBING, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 17-SC-1085 |
| | ) | |
| REBA M. LOCKETT, | ) | Honorable |
| | ) | Philip B. Alfeld, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE OVERSTREET delivered the judgment of the court.
Presiding Justice Welch and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1     *Held*: Defendant failed to provide evidence establishing that the circuit court did not review her evidence, and the ruling of the circuit court was not against the manifest weight of the evidence.

¶ 2     The defendant, Reba M. Lockett, appeals *pro se* the circuit court's judgment for the plaintiff, Darwyn's Plumbing, in the amount of $6203 plus court costs and against her counterclaim. She argues that the evidence did not support the judgment for the plaintiff and that the court failed to review all of the documents supporting her counterclaim. For the following reasons, we affirm.

1

¶ 3                                     BACKGROUND

¶ 4     The defendant hired the plaintiff to repair a sewer line breakage in her basement. The services included jackhammering the concrete floor, replacing the sewer line from inside to outside the home, cleaning a contaminated area on the basement floor, removing part of a wall, hand-digging, back-filling, and removing soil, as well as reconcreting the floor back to level. The work order signed by the defendant states, "Price includes cleanouts. Darwyns plumbing not responsible for any landscaping, dirt removed added or settling," with a total price of $9203.

¶ 5     Because of nonpayment, the plaintiff filed a small claims case in the amount of $9203 against the defendant for plumbing services. The defendant filed her response and countersuit for damages in the amount of $10,000. The defendant alleged that plaintiff billed her for services that were not performed and caused damage to her property. The defendant attached additional estimates to support her countersuit against the plaintiff.

¶ 6     After a trial in which both parties testified, the court found in favor of the plaintiff in the amount of $6203 and court costs in the amount of $192, and against the defendant in her countersuit. The defendant appeals.

¶ 7                                     ANALYSIS

¶ 8     We begin by noting that the record does not contain a report of proceedings from that trial. It is the appellant's duty to provide a complete record on appeal, including transcripts of the relevant proceedings or, if no verbatim transcript is available, a bystander's report or an agreed statement of facts. Ill. S. Ct. R. 321 (eff. Feb. 1, 1994); R. 323 (eff. July 1, 2017). "Any doubts arising from the incompleteness of a record will be resolved against the appellant. (See *Daniels v. City of Venice* (1987), 162 Ill. App. 3d 788, 791.)" *Hanson v. Illinois Central Gulf R.R. Co.*, 174 Ill. App. 3d 723, 725 (1988).

¶ 9    Although the defendant frames her argument on appeal as the circuit court's failure to consider all of the documentary evidence she provided, the essence of her argument is that the evidence does not support a judgment for the plaintiff on his complaint or against her on her counterclaim. Whether a party has breached a contract is a question of fact. *Israel v. National Canada Corp.*, 276 Ill. App. 3d 454, 461 (1995). We will defer to the trial court's factual findings and will not reverse the court's decision unless those findings are against the manifest weight of the evidence. *In re Tiffany M.*, 353 Ill. App. 3d 883, 890 (2004). "A factual finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the determination is arbitrary, unreasonable, and not based on the evidence. *Tiffany M.*, 353 Ill. App. 3d at 890." *In re G.W.*, 357 Ill. App. 3d 1058, 1059 (2005).

¶ 10    In addition to the plaintiff's plumbing estimate and work order, the record includes two groups of exhibits provided by the defendant. The documents include a check from Cross Country (the defendant's home warranty provider) for $3580 to Darwyn's Plumbing, an invoice for the work completed, a bill for the original visit, and charges for work that the defendant felt the plaintiff did not perform, as well as expenses for alleged damages to her property. Additionally, she included several email and text exchanges between the parties related to her complaints about the plaintiff's work and the damage done to her property.

¶ 11    According to the defendant's exhibits, the plaintiff was at her property between September 19 and 24, 2016, and performed "work" there. The October 4, 2016, work order signed by the defendant states, "Price includes cleanouts. Darwyns plumbing not responsible for any landscaping, dirt removed added or settling," with a total price of $9203. The email/text message exchanges do not show any "issue" with the quality of "work" until October 19, 2016, when the plaintiff brought the bill to her house. Based on the defendant's own exhibits and the other

3

evidence in the record, and in light of the defendant's failure to provide a transcript, bystander's report, or an agreed statement of facts, we cannot say that the court's finding that the plaintiff performed work on her property and "excepted" any damage to landscaping, etc., was against the manifest weight of the evidence.

¶ 12                                 CONCLUSION

¶ 13     For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.


¶ 14     Affirmed.