NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190386-U

NO. 4-19-0386

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 25, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| LAURA BUSS, | ) | Appeal from |
|     Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Livingston County |
| FORD MOTOR COMPANY and DELONG FORD- | ) | No. 17CH51 |
| MERCURY, | ) | |
|     Defendants-Appellees. | ) | Honorable |
| | ) | Matthew John Fitton, |
| | ) | Judge Presiding. |

_____

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court affirmed, concluding the circuit court did not err in dismissing
        plaintiff's seven-count complaint and the circuit court properly denied plaintiff's
        motion to vacate.

¶ 2     In December 2014, plaintiff, Laura Buss, filed a seven-count complaint against

defendants, Ford Motor Company (Ford) and DeLong Ford-Mercury (DeLong), asserting claims

related to the purchase of a 2013 Ford F-150 truck.  After successfully moving to transfer the

case from two counties with no connection to the litigation, in December 2017, defendants

moved to dismiss plaintiff's complaint in Livingston County pursuant to section 2-619 of the

Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2016)).  On October 15, 2018,

the circuit court granted defendant's motion to dismiss in its entirety.

¶ 3		In November 2018, plaintiff filed a motion to vacate and dismiss the October 15, 2018, court order dismissing the complaint pursuant to section 2-619 of the Code. On May 22, 2019, the circuit court denied plaintiff's motion to vacate.

¶ 4		On appeal, plaintiff argues the circuit court erred in (1) dismissing her seven-count complaint pursuant to section 2-619 of the Code and (2) denying her motion to vacate. We affirm.

¶ 5								I. BACKGROUND

¶ 6							A. Circuit Court of Cook County

¶ 7		In December 2014, plaintiff filed a seven-count complaint against defendants in the chancery division of the circuit court of Cook County. In her seven-count complaint, plaintiff sought to recover damages for an alleged defect that caused the 2013 Ford F-150 truck she purchased from DeLong to vibrate when driving faster than 30 miles per hour and where multiple repair attempts failed to address the issue. Plaintiff's complaint alleged: (1) defendants violated the New Vehicle Buyer Protection Act (Lemon Law Act) (815 ILCS 380/3(a) (West 2012)) (count I); (2) Ford breached an express warranty contained in the 2013 Model Year Ford Warranty Guide (Warranty Guide) (count II); (3) Ford breached an implied warranty (count III); (4) Ford violated the Magnuson-Moss Warranty-Federal Trade Commission Improvements Act (Magnuson-Moss Warranty Act) (15 U.S.C. § 2301 *et seq.* (2012)) (count IV); (5) Ford violated the Illinois Consumer Fraud and Deceptive Business Practices Act (Fraud Act) (815 ILCS 505/2 (West 2012)) by failing to disclose to plaintiff that the truck would substantially vibrate (count V); (6) DeLong intentionally concealed from plaintiff the presence of the truck's substantial vibrations prior to entering into the Purchase Agreement and, therefore, plaintiff is entitled to a

rescission of the Purchase Agreement (count VI); and (7) DeLong violated the Fraud Act by failing to disclose to plaintiff that the truck would substantially vibrate (count VII).

¶ 8        Subsequently, defendants filed a joint motion to dismiss pursuant to the doctrine of *forum non conveniens* and Illinois Supreme Court Rule 187 (eff. Jan. 1, 2018).  In November 2015, the circuit court granted defendants' motion and ordered the case transferred to Livingston County.  The court found plaintiff did not reside in her chosen forum of Cook County, that plaintiff purchased the Ford F-150 truck in Livingston County, and the alleged misrepresentations occurred in Livingston County.  The court found Livingston County had a strong connection to the litigation because "[p]laintiff is a resident of Kane County, complaining of misrepresentations and breaches that took place in Livingston County."  The court found Livingston County "unequivocally" had the predominate connection to the litigation.

¶ 9                    B. Circuit Court of Kane County

¶ 10        In October 2016, plaintiff refiled her seven-count complaint in the circuit court of Kane County.  Plaintiff attached to her complaint three exhibits: (1) Ford F-150 truck Purchase Agreement; (2) Warranty Guide; and (3) plaintiff's demand of October 10, 2014.  In November 2016, defendants filed an appearance and moved for additional time to answer or otherwise plead to plaintiff's complaint.  In December 2016, the circuit court granted defendants' motion for additional time and ordered discovery stayed until the parties completed a vehicle inspection "pursuant to settlement discussions, without prejudice to defendants' right to file a motion to transfer venue for *forum non*[ ]*conveniens*."  In February 2017, the circuit court ordered defendants to answer or otherwise plead by April 5, 2017.  In April 2017, the court ordered defendants to "explore" settlement and to answer or otherwise plead by April 26, 2017.

¶ 11        On April 27, 2017, defendants filed a motion to dismiss and to transfer the case back to Livingston County pursuant to the doctrine of *forum non conveniens* and Illinois Supreme Court Rule 187 (eff. Jan. 1, 2018).  In July 2017, the circuit court ordered the parties to participate in a pretrial settlement conference and set the briefing schedule on defendants' *forum non conveniens* motion.  At the pretrial settlement conference, the parties failed to reach a settlement.  In August 2017, the circuit court granted defendants' motion and ordered the case transferred to Livingston County.

¶ 12                              C. Circuit Court of Livingston County

¶ 13        In December 2017, defendants filed a motion to dismiss plaintiff's seven-count complaint pursuant to section 2-619 of the Code.  Defendants argued counts I, II, IV, VI, and VII were subject to arbitration.  Specifically, as to counts I, II, and IV, defendants argued the Lemon Law Act, the Magnuson-Moss Warranty Act, and the Warranty Guide attached to plaintiff's complaint required plaintiff to comply with informal settlement procedures before seeking damages in court.  As to counts VI and VII, defendants argued an arbitration provision in the Purchase Agreement attached to plaintiff's complaint required dismissal where plaintiff failed to engage in arbitration prior to filing a claim with the court.  Because plaintiff failed to arbitrate her claims, defendants argued the circuit court should dismiss counts I, II, IV, VI, and VII.

¶ 14        Defendants also moved to dismiss counts I and II as to Ford because the Warranty Guide failed to constitute an express warranty as required under the Lemon Law Act. Defendants sought to dismiss count I as to DeLong where the Lemon Law Act does not provide a cause of action against a dealership.  Defendants moved to dismiss count III, breach of an implied warranty, due to the absence of a Uniform Commercial Code (UCC) requirement of vertical privity between plaintiff and the manufacturer, Ford.  Defendants moved to dismiss the

Fraud Act claims in counts V and VII, arguing dismissal was warranted where plaintiff failed to plead any facts upon which a consumer fraud claim could rest.

¶ 15    In January 2018, plaintiff filed a response to defendants' motion to dismiss. Plaintiff opposed dismissal of her complaint based on an alleged procedural deficiency in the motion. Specifically, plaintiff argued the circuit court should deny the motion for failure to identify the subparagraph of section 2-619 of the Code under which defendants' sought dismissal.

¶ 16    Plaintiff also requested the circuit court deny defendants' motion on the merits. Plaintiff argued defendants waived the right to arbitrate any of her claims by (1) failing to seek arbitration pursuant to correspondence plaintiff alleged she sent to Ford; (2) filing motions to dismiss pursuant to the doctrine of *forum non conveniens* before seeking to compel arbitration; and (3) raising arbitrable issues in the instant motion to dismiss. As to count I, plaintiff argued the Lemon Law Act permitted a claim against a dealership like DeLong. As to counts I and II, plaintiff also argued the language of the Warranty Guide created an express warranty. As to count III, plaintiff disputed that vertical privity with Ford was required because "[a]n extension of a Magnuson-Moss written warranty to a customer is sufficient to support a claim of breach." As to counts V and VII, plaintiff contended that defendants improperly sought dismissal of the claims pursuant to section 2-619 of the Code, where defendants argued that plaintiff failed to adequately plead a cause of action under the Fraud Act.

¶ 17    In February 2017, defendants filed a reply in support of their motion to dismiss plaintiff's complaint. Also, in February 2017, the circuit court granted the parties leave to submit additional argument and authority, and Judge Robert M. Travers recused himself because

his secretary's husband signed an affidavit in support of the *forum non conveniens* motion and could be called as a witness at trial.

¶ 18 On October 15, 2018, the circuit court granted defendants' motion to dismiss in its entirety. The circuit court found that defendants did not waive the right to arbitrate when they successfully challenged plaintiff's choice of forum. The court found plaintiff failed to comply with the arbitration requirements in the Warranty Guide and the Purchase Agreement. Because plaintiff failed to participate in alternative dispute resolution before filing suit, the circuit court dismissed counts I, II, IV, and VI. Further, the court dismissed count I where the Lemon Law Act does not provide a cause of action against DeLong, a dealership. The court also dismissed count I and II where the Warranty Guide failed to constitute an express warranty under the Lemon Law Act.

¶ 19 The circuit court dismissed count III, for breach of implied warranty, on the basis that the complaint established that plaintiff purchased the Ford F-150 truck from DeLong, the seller, and not Ford, the manufacturer. As to counts V and VII, the court found that plaintiff failed to plead facts sufficient to constitute a claim under the Fraud Act and dismissed both counts.

¶ 20 In November 2018, plaintiff filed a motion to vacate and dismiss the October 15, 2018, court order, dismissing the complaint pursuant to section 2-619 of the Code. Plaintiff claimed that section 2-619 of the Code did not provide the circuit court with the authority to dismiss any of the seven counts of her complaint. In April 2019, defendants filed a response to plaintiff's motion to vacate. Subsequently, plaintiff filed a reply in support of her motion to vacate. On May 22, 2019, the circuit court denied plaintiff's motion to vacate.

¶ 21        On June 13, 2019, plaintiff filed a notice of appeal, challenging the circuit court's

(1) October 15, 2018, order dismissing her complaint and (2) May 22, 2019, order denying her

motion to vacate.  On June 18, 2019, plaintiff amended her notice of appeal to correctly identify

the circuit court as the circuit court of Livingston County.

¶ 22        This appeal followed.

¶ 23                              II. ANALYSIS

¶ 24        On appeal, plaintiff argues the circuit court erred in (1) dismissing her

seven-count complaint pursuant to section 2-619 of the Code and (2) denying her motion to

vacate the court order dismissing her complaint.  For the following reasons, we affirm.

¶ 25                            A. Standard of Review

¶ 26        A motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619

(West 2016)) "admits the legal sufficiency of the complaint, admits all well-pleaded facts and all

reasonable inferences therefrom, and asserts an affirmative matter outside the complaint bars or

defeats the cause of action." *Reynolds v. Jimmy John's Enterprise*, *LLC*, 2013 IL App (4th)

120139, ¶ 31, 988 N.E.2d 984.  "In a section 2-619(a) motion, the movant is essentially saying

" 'Yes, the complaint was legally sufficient, but an affirmative matter exists that defeats the

claim.' " *Id.* (quoting *Winters v. Wangler*, 386 Ill. App. 3d 788, 792, 898 N.E.2d 776, 779

(2008)).  "When ruling on [a] section 2-619(a)(9) motion, the court construes the pleadings 'in

the light most favorable to the nonmoving party' [citation], and should only grant the motion 'if

the plaintiff can prove no set of facts that would support a cause of action' [citation]." *Id.*

¶ 27        Dismissal is appropriate where an affirmative matter defeats a plaintiff's claim.

*Asset Acceptance, LLC v. Tyler*, 2012 IL App (1st) 093559, ¶ 23, 966 N.E.2d 1039.  "An

affirmative matter encompasses any defense other than a negation of the essential allegations of

the cause of action." *Id.* "Where the affirmative matter asserted is apparent on the face of a pleading, no affidavit is required to support a section 2-619 motion." *Id.* ¶ 24. We review *de novo* an order granting a section 2-619 motion to dismiss. *Reynolds*, 2013 IL App (4th) 120139, ¶ 31.

¶ 28                                 B. Section 2-619 Dismissal

¶ 29          Plaintiff first argues that defendants failed to present an affirmative matter that defeats her claims as required by section 2-619(a)(9) of the Act. Further, plaintiff contends defendants' motion to dismiss attacked the legal sufficiency of her complaint.

¶ 30          Defendants moved to dismiss five of plaintiff's seven claims (counts I, II, IV, VI, and VII) as being subject to arbitration. A motion to dismiss based on the exclusive remedy of arbitration is properly brought under section 2-619(a)(9) because the right to arbitrate serves as the "affirmative matter" that defeats the claim. *Tyler*, 2012 IL App (1st) 093559, ¶ 23. Therefore, the circuit court properly considered defendants' motion to dismiss based on the arbitration provisions in the Warranty Guide and the Purchase Agreement under section 2-619(a)(9) of the Act.

¶ 31          In moving to dismiss counts I, II, and III, defendants argued, under section 2-619(a)(9) of the Act, that the Lemon Law Act, the UCC, and the Warranty Guide barred plaintiff's claims. An affirmative matter includes anything that "refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint." (Internal quotation marks omitted.) *O'Hare Truck Service, Inc. v. Illinois State Police*, 284 Ill. App. 3d 941, 946, 673 N.E.2d 731, 734 (1996).

¶ 32          Finally, defendants relied upon the Warranty Guide to refute plaintiff's allegations of deception in count V, to defeat her claim under the Fraud Act. Plaintiff alleged

that Ford intentionally failed to disclose that the Ford F-150 truck she purchased vibrated when it operated over 30 miles per hour, yet the Warranty Guide that plaintiff attached to her seven-count complaint acknowledged the possibility that the design and manufacture processes may have resulted in a condition needing repair.

¶ 33        Assuming, *arguendo*, as plaintiff contends, that defendants' section 2-619 motion to dismiss improperly attacked the legal sufficiency of her complaint, plaintiff fails to establish reversible error.  The failure to properly designate a motion to dismiss does not require reversal unless the improper label caused the nonmoving party prejudice.  *Downers Grove Associates v. Red Robin International, Inc.*, 151 Ill. App. 3d 310, 314, 502 N.E.2d 1053, 1057 (1986). Plaintiff fails to claim any prejudice from defendants designating their motion to dismiss under section 2-619 where plaintiff contested the merits of defendants' arguments in the circuit court. We therefore address the merits of plaintiff's seven-count complaint.

¶ 34        Defendants in their section 2-619 motion to dismiss argued count I, II, IV, VI, and VII were subject to arbitration.  Specifically, as to counts I, II, and IV, defendants argued the Lemon Law Act, the Magnuson-Moss Warranty Act, and the Warranty Guide attached to plaintiff's complaint required plaintiff to comply with informal settlement procedures before seeking damages in court.  As to counts VI and VII, defendants argued an arbitration provision in the Purchase Agreement attached to plaintiff's complaint required dismissal where plaintiff failed to engage in arbitration prior to filing a claim with the court. Because plaintiff failed to arbitrate her claims, defendants argued the circuit court should dismiss counts I, II, IV, VI, and VII.

¶ 35        Defendants also moved to dismiss counts I and II as to Ford because the Warranty Guide failed to constitute an express warranty as required under the Lemon Law Act.

Defendants sought to dismiss count I as to DeLong where the Lemon Law Act does not provide a cause of action against a dealership. Defendants moved to dismiss count III, breach of an implied warranty, due to the absence of the UCC's requirement of vertical privity between plaintiff and the manufacturer, Ford. Defendants moved to dismiss the Fraud Act claims in counts V and VII, arguing dismissal was warranted because plaintiff failed to plead any facts upon which a consumer fraud claim could rest. Further, the Warranty Guide attached to plaintiff's seven-count complaint acknowledged the possibility that the design and manufacture process may have resulted in a condition needing repair.

¶ 36                                    1. *Counts I, II, IV, and VI*

¶ 37         We find the circuit court properly dismissed counts I, II, IV, and VI where the plaintiff failed to arbitrate the claims pursuant to the Warranty Guide and the Purchase Agreement. Both the Lemon Law Act and the Magnuson-Moss Warranty Act require a plaintiff arbitrate where a manufacturer incorporates into a written warranty an informal settlement dispute procedure that complies with the Code of Federal Regulations. 815 ILCS 380/4(a) (West 2012); 15 U.S.C. § 2310(a)(3) (2012). Here, the Warranty Guide required plaintiff to submit any warranty dispute to the Better Business Bureau Autoline for arbitration before seeking the remedies available under the Lemon Law Act and the Magnuson-Moss Warranty Act. The Purchase Agreement also contained a clause regarding arbitration, where plaintiff agreed to arbitrate any dispute with DeLong arising out of the purchase of the Ford F-150 truck.

¶ 38         Plaintiff argues the circuit court's dismissal of these claims was improper where defendants waived the right to arbitrate. Specifically, plaintiff argues defendants waived the right to arbitrate any of her claims by filing motions to dismiss pursuant to the doctrine of *forum non conveniens* before seeking to compel arbitration. We disagree with plaintiff.

¶ 39 "Illinois courts find waiver when a party's conduct is inconsistent with the arbitration clause, thus indicating an abandonment of the right to arbitration." *Bishop v. We Care Hair Development Corp.*, 316 Ill. App. 3d 1182, 1191, 738 N.E.2d 610, 617 (2000). "Specifically, a party waives its right to arbitrate by submitting arbitrable issues to a court for decision." *Id.* "There is a presumption in Illinois law against waiver." *Id.* Contesting venue does not constitute waiver. *Id.* at 1192.

¶ 40 Defendants did not waive their right to arbitration by challenging plaintiff's chosen forum as inconvenient. Any delay between the filing of plaintiff's seven-count complaint and defendants' motion to dismiss resulted from plaintiff's repeated attempts to litigate her claims in inconvenient forums with no connection to the litigation. See *Kostakos v. KSN Joint Venture No. 1*, 142 Ill. App. 3d 533, 537, 491 N.E.2d 1322, 1325 (1986) (finding relevant to the analysis whether the party asserting waiver contributed to the delay in asserting the right to arbitrate).

¶ 41 Further, defendants did not participate in discovery in the circuit court. Inspecting the Ford F-150 truck to further settlement negotiations and participating in a pretrial conference did not evince the intent to abandon the right to arbitrate. Rather, defendants' actions showed it favored arbitration.

¶ 42 We find any argument by plaintiff that defendants failed to follow proper procedure by not requesting the circuit court to compel arbitration rather than dismiss the seven-count complaint is without merit. A party may request a court to dismiss a complaint that is subject to an agreement requiring arbitration without specifically seeking to compel arbitration. *E.J. De Paoli Co. v. Novus, Inc.*, 156 Ill. App. 3d 796, 800, 510 N.E.2d 59, 61

(1987). Because defendants did not waive the right to arbitrate, we find the circuit court's dismissal of counts I, II, IV, and VI proper.

¶ 43                                            2. *Count III*

¶ 44          Next, we find the circuit court properly dismissed count III alleging breach of an implied warranty because no contractual privity existed between plaintiff and Ford, the manufacturer. A plaintiff alleging breach of an implied warranty cannot maintain a cause of action for purely economic damages against a manufacturer in the absence of vertical privity. *Rothe v. Maloney Cadillac, Inc.*, 119 Ill. 2d 288, 292, 518 N.E.2d 1028, 1029-30 (1988). Illinois courts require vertical privity where article II of the UCC contemplates a contractual relationship between a buyer of goods and his immediate seller. *Id.*; *Szajna v. General Motors Corp.*, 115 Ill. 2d 294, 311, 503 N.E.2d 760, 767 (1986).

¶ 45          In *Szajna*, the Illinois Supreme Court declined to engage in judicial legislation by abolishing the vertical privity requirement and instead chose to defer to the General Assembly in matters concerning consumer protection. *Id.* at 311-12. The supreme court reasoned that vertical privity prevents a manufacturer from being held liable for damages of unknown and unlimited scope. *Id.* at 309. Vertical privity also allows manufacturers to charge consumers less for goods because they need not compensate for potential liability by increasing prices. *Id.* at 309-10.

¶ 46          In *Rothe*, 119 Ill. 2d at 292, the Illinois Supreme Court reaffirmed the holding in *Szajna*. Specifically, the supreme court upheld the dismissal of a breach of implied warranty claim against a manufacturer. *Id.* The supreme court held that an implied warranty under the UCC gives a buyer a potential cause of action against only the immediate seller. *Id.*

- 12 -

¶ 47    Here, the Purchase Agreement attached to plaintiff's seven-count complaint confirms the buyer-seller relationship was between plaintiff and DeLong. The absence of vertical privity defeats plaintiff's breach of an implied warranty claim against Ford. Therefore, we find the circuit court properly dismissed count III.

¶ 48    3. *Counts V and VII*

¶ 49    Last, we find the circuit court properly dismissed plaintiff's Fraud Act claims in counts V and VII. The Fraud Act requires a plaintiff to allege and prove: (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, (4) actual damage to the plaintiff, and (5) the deception proximately caused the deception. 815 ILCS 505/2 (West 2016); *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 149, 776 N.E.2d 151, 160 (2002).

¶ 50    Illinois courts have repeatedly rejected a plaintiff's attempt to convert an ordinary breach of contract claim into a cause of action for statutory fraud. *Bankier v. First Federal Savings & Loan Association of Champaign*, 225 Ill. App. 3d 864, 875, 588 N.E.2d 391, 398 (1992); *Golembiewski v. Hallberg Insurance Agency, Inc.*, 262 Ill. App. 3d 1082, 1093, 635 N.E.2d 452, 459-60 (1994). The Fraud Act does not encompass all commercial transactions or provide a remedy for every breach of contract. *Bankier*, 225 Ill. App. 3d at 874. An allegation of a breach of contract, without more, does not state a cause of action under the Fraud Act because to hold otherwise would allow a plaintiff to seek an additional and redundant remedy unintended by the legislature. *Id.*

¶ 51    Here, plaintiff seeks to improperly transform her breach of warranty claims against Ford into a claim under the Fraud Act. According to plaintiff's breach of an implied

warranty allegation, Ford promised that the Ford F-150 truck was fit for the ordinary purpose for which plaintiff would use it. Plaintiff alleges that because Ford provided her with a truck that vibrates when it reaches a speed over 30 miles per hour that the truck is not fit for ordinary use and, therefore, Ford breached the implied warranty of merchantability. Plaintiff also seeks recovery under the Fraud Act based on the same facts pled in the breach of an express warranty count with the additional conclusory allegation that the failure to disclose the alleged tendency of the truck to substantially vibrate above 30 miles per hour constitutes a deceptive act or practice by Ford. Plaintiff alleges that Ford intentionally concealed from plaintiff the presence of the vibration.

¶ 52        We find plaintiff cannot maintain a cause of action in count V under the Fraud Act where plaintiff failed to plead facts sufficient to constitute a claim under the Fraud Act. Further, as stated above, plaintiff is not in vertical privity with Ford, and the Warranty Guide refutes the allegations. The Warranty Guide, upon which plaintiff relies in asserting a claim for breach of an express warranty, discloses the possibility that the Ford F-150 truck may need repairs. Because the Warranty Guide communicated to plaintiff the potential that the design and manufacture process may result in a condition needing repair, plaintiff cannot recover for a failure to disclose the vibration under the Fraud Act.

¶ 53        Plaintiff also seeks recovery from DeLong under the Fraud Act (count VII) for the same reasons she seeks to rescind the Purchase Agreement in count VI. According to plaintiff, DeLong intentionally concealed from plaintiff the presence of the Ford F-150 truck's substantial vibrations prior to entering into the Purchase Agreement. We find plaintiff cannot maintain a cause of action under the Fraud Act where plaintiff failed to plead facts sufficient to constitute a claim under the Fraud Act. Further, plaintiff asserts the same reasons here that she sought to

rescind the Purchase Agreement. As stated above, the Purchase Agreement contained an arbitration clause and where plaintiff failed to engage in arbitration before filing her claims with the court, her claim is improper. Therefore, we find the circuit court properly dismissed counts V and VII.

¶ 54                                      C. Denial of Motion to Vacate

¶ 55          Plaintiff also argues the circuit court erred by denying her motion to vacate. In support of her argument, plaintiff recites the procedural history of the filing of her motion to vacate without any further argument. Defendants argue plaintiff violated Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018), where she failed to support her claim with any argument in support of her position and, therefore, plaintiff deprived defendants the opportunity to provide a meaningful response.

¶ 56          Illinois Supreme Court Rule 341(h) (eff. May 25, 2018) governs the contents of an appellant's brief. Specifically, Rule 341(h)(7) requires that the appellant's arguments contain his or her contentions and the reasons therefor, with citations to authorities and to the pages of the record relied upon in support of the appellant's contentions. Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). " 'The rules of procedure concerning appellate briefs are rules and not mere suggestions.' " *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 7, 969 N.E.2d 930 (quoting *Niewold v. Fry*, 306 Ill. App. 3d 735, 737, 714 N.E.2d 1082, 1084 (1999)). "Failure to comply with the rules regarding appellate briefs is not an inconsequential matter." *Id.* "The purpose of the rules is to require parties before a reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues involved." *Id.* "A brief that lacks any substantial conformity to the pertinent supreme court rules may justifiably be stricken." *Id.*

- 15 -

¶ 57     When analyzing plaintiff's claim that the circuit court erred in denying her motion to vacate, we find plaintiff failed to put forth any argument or citation to the record in support of her argument.  Because plaintiff failed to provide any legal or factual basis to support her argument, we find plaintiff violated Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018) and the argument is forfeited.  Therefore, we affirm the circuit court's denial of plaintiff's motion to vacate.

¶ 58                          III. CONCLUSION

¶ 59     For the foregoing reasons, we affirm the circuit court's judgment.

¶ 60     Affirmed.