NOTICE

Decision filed 09/06/22. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2022 IL App (5th) 220004-U

NO. 5-22-0004

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 17-CF-478 |
| | ) | |
| DUAN LEWIS, | ) | Honorable |
| | ) | Thomas E. Griffith, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Presiding Justice Boie and Justice Welch concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court lacked jurisdiction of defendant's "motion to correct mittimus" when it was filed more than 30 days after defendant's guilty plea and sought to change the judgment. Accordingly, we grant OSAD'S motion for leave to withdraw and dismiss the appeal.

¶ 2    Defendant, Duan Lewis, appeals the trial court's order dismissing his motion to correct the mittimus. Defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), concluded this appeal lacks merit. Accordingly, OSAD filed a motion to withdraw as counsel for defendant (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)) along with a brief in support of the motion. OSAD provided defendant a copy of its *Finley* motion and brief. Although this court provided defendant with an opportunity to file a response to OSAD's motion or explain why this appeal has merit, no response was filed. Having reviewed OSAD's *Finley* motion and

1

brief and the record on appeal, we conclude this appeal lacks merit. Accordingly, we grant OSAD leave to withdraw and dismiss the appeal.

¶ 3                                    BACKGROUND

¶ 4      On November 19, 2018, following the death of his six-month-old daughter, defendant pled guilty to involuntary manslaughter and aggravated battery of a child in exchange for a sentence of 10 years' imprisonment on each count. Pursuant to the agreement, defendant was sentenced to two 10-year prison terms, to be served consecutively.

¶ 5      In 2019, defendant filed a motion to correct the mittimus to reflect that the sentences were to run concurrently, based on an alleged agreement between defendant and his attorney. At the hearing on the motion, his attorney confirmed that the plea agreement was for consecutive sentences and, thus, the mittimus was correct.

¶ 6      In March 2020, defendant filed a motion for leave to file a late notice of appeal in the trial court. It does not appear that defendant ever filed a motion in this court as required by Illinois Supreme Court Rule 606(c) (eff. July 1, 2017). In any event, the trial court denied the motion.

¶ 7      In November 2020, defendant filed a postconviction petition, which he subsequently withdrew. In November 2021, defendant filed another motion to correct the mittimus to reflect that the sentences were to run concurrently, this time asserting that his consecutive sentences violated the one-act, one-crime rule. The trial court dismissed the motion based on *res judicata*. Defendant appealed.

¶ 8                                    ANALYSIS

¶ 9      OSAD asserts that there is no arguably meritorious argument that the trial court erred in dismissing defendant's second motion to correct the mittimus. We agree.

¶ 10 It is our responsibility to consider the matter of jurisdiction *sua sponte*. *People ex rel. Haughawout v. Lantow*, 59 Ill. App. 2d 406, 410 (1965). Although a trial court has continuing jurisdiction to correct clerical errors and other matters of form so that the record conforms to the actual judgment, it generally loses jurisdiction to modify its judgment or alter a sentence 30 days after entry of the judgment. *People v. Flowers*, 208 Ill. 2d 291, 303, 306-07 (2003). Here, defendant's November 2021 "motion to correct [the] mittimus" did not seek to correct any clerical errors or make the record conform to the oral pronouncement of the judgment. Instead, two years after judgment was entered on his guilty plea, defendant filed a motion seeking to substantively modify the judgment of consecutive sentences to concurrent sentences. Accordingly, the trial court was without jurisdiction to consider defendant's motion, and its dismissal thereof was proper.

¶ 11 Although the trial court did not dismiss defendant's motion on jurisdictional grounds, this court can affirm the trial court's judgment on any grounds appearing in the record. *Moody v. Federal Express Corp.*, 368 Ill. App. 3d 838, 841 (2006). For the foregoing reasons, we grant OSAD's motion to withdraw and dismiss the appeal. See *Flowers*, 208 Ill. 2d at 307 (where lower court lacked jurisdiction to entertain a motion, the appellate court should dismiss the appeal).

¶ 12 Motion granted; appeal dismissed.